**In re AUGIE/RESTIVO BAKING COM-PANY, LTD., Augie's Baking Company, Ltd., Debtors.**

Bankruptcy Nos. 086–60208–21, 086–60262–21.

United States Bankruptcy Court, E.D. New York.

Aug. 8, 1986.

Sanford P. Rosen, Angel & Frankel, P.C., New York City, Former Attorneys for debtors; by Joshua J. Angel.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City by Ronald Cohen, for Creditors Committee.

Stroock & Stroock & Lavan, New York City by Daniel H. Golden, for Manufacturers Hanover Trust Company.

CECELIA H. GOETZ, Bankruptcy Judge.

Angel & Frankel, P.C., are moving for an order awarding them compensation for their services in the sum of $34,961.00, against which sum a retainer of $10,000.00 previously paid them is to be applied. They request such compensation as former counsel to the debtors and debtors-in-possession herein, Augie/Restivo Baking Company, Ltd., and Augie's Baking Company, Ltd. ("Augie/Restivo"). Notice of the application, which is denominated an application for "First and Final Allowance of Compensation and Reimbursement of Expenses" was not sent all creditors, but was sent only to counsel for the Creditors' Committee, counsel to the debtors' principal secured creditor and to those creditors who had demanded service of all papers. No order authorizing such restricted service was either requested or entered.

The application is opposed by the debtors and debtors-in-possession who Angel & Frankel formerly represented, by the Creditors' Committee of Augie/Restivo, and is questioned by Manufacturers Hanover

Trust Company ("MHTC"), which in return for its consent to the use by Augie/Restivo of cash collateral in which it has an interest has been given super-priority position.

To place the objections into a context, some background is necessary. On March 27, 1986, an involuntary petition under Chapter 11 of the Bankruptcy Code was filed against Augie/Restivo Baking Company, Ltd. On April 16, 1986, consent was given to the entry of an order for relief the same day, Augie's Baking Company, Ltd., an affiliated company, filed a voluntary petition, and an order was signed for the joint administration of the two cases. Augie's Baking Company, Ltd. is principally a holding company, which conducts no business of its own. The operating company is Augie/Restivo Baking Company, Ltd.

The only funds available to Augie/Restivo to conduct its operations have been the proceeds of its accounts receivable in which MHTC has a duly perfected security interest. Under the Code, such proceeds constitute "cash collateral", which may not be used by a debtor-in-possession unless either the entity that has an interest in such cash collateral consents, or the court, after notice and hearing, authorizes such use. 11 U.S.C. § 363(a). Because Augie/Restivo could not function without recourse to this cash collateral, it applied shortly after the case began for permission to use it. The application resulted in a limited release of such funds by MHTC, pursuant to monthly stipulations. Pursuant to these stipulations, MHTC has been given a first lien against all past, present and future assets of Augie/Restivo subject only to valid liens existing as of the date the petition was filed. Additionally, it has been granted priority in payment over all other administrative expenses. Because that priority would exclude any payments to professionals, MHTC has consented each month to a limited carve-out for such administration expenses. The stipulation entered into on April 21st carved out all fees and expenses for the period April 16th to April 30th; the stipulation for May carved out only $15,-000.00; the one for June likewise carved out $15,000.00.

Angel & Frankel represented the debtor up to June 18, 1986 when Sanford P. Rosen, Esq., who had formerly been a senior attorney employed by Angel & Frankel, was substituted in their place instead, effective as of June 9, 1986. Mr. Rosen had previously terminated his employment with Angel & Frankel effective June 6, 1986.

No moneys have as yet been paid any of the professional persons retained either by the debtor or by the creditors' committee, except for the $10,000.00 paid Angel & Frankel when it was first retained and $15,000.00 which this Court authorized to be paid Richard A. Eisner & Co., the accountants for the debtors for services rendered during the month of May. This order was entered *ex parte* on the application of the debtor with the consent of the creditors' committee.

The debtor is operating in very straitened circumstances. It has no independent financing and is being forced to finance itself through its own accounts receivable. Any increase in its expenses may well constitute its death knell. In recognition of this fact, Angel & Frankel are not pressing for immediate payment for their services; what they want is a present award.

A number of objections have been filed to Angel & Frankel's application. MHTC opposes any allowance to Angel & Frankel for the month of May on the ground that the entire carve-out for that month, $15,-000.00, has been exhausted by the award made to the debtor's accountants. The creditors' committee is objecting to any award on the ground that a final award is premature. The debtors point out that the notice given of the application by Angel & Frankel is inadequate. Debtors likewise point out that 11 U.S.C. § 331 requires a lapse of 120 days after an order for relief before interim compensation may be requested and that time had not yet run when Angel & Frankel filed. An even more fundamental objection is that the debtor lacks the means to pay any compensation at this time and to require it to do so would force its liquidation.

## DISCUSSION

Section 331 of the Code explicitly authorizes the Court to allow interim compensation to professional persons on application made "not more than once every 120 days after an order for relief" unless the Court permits more frequent application. The Court is not obliged to authorize such interim compensation, but "may" allow it. The reason for doing so is to relieve attorneys and accountants from the hardship involved in carrying what can be a long drawn out reorganization case during its entire lifetime without compensation. Even under the Act, some courts recognized that it was unfair to require attorneys to subsidize reorganization proceeding and even without specific statutory authorization, awarded interim compensation. E.g., *Matter of Investors Funding Corp. of New York*, 422 F.Supp. 461 (S.D.N.Y. 1976). The Code codified this practice. Otherwise, professionals are paid at the end of a proceeding. These fees constitute an administrative expense entitled to priority.

■ Angel & Frankel have labeled their application one for "Final" compensation because their employment having ceased, they will be receiving no further compensation. However, as long as the proceeding remains pending, any compensation paid a professional is "interim" compensation. Until a case is concluded, there is no way that the court can ascertain the value of the services rendered in terms of the results achieved, the total amount available for payment to all professionals and the number and magnitude of the claims that will have to be paid out of the moneys available for payment of administrative expenses. If not enough money is available to pay everyone, it must be allocated proportionately to each.

■ It is obvious that any claim for final compensation in this proceeding still in its beginning stages is premature. While it is hoped that the debtor will be able to overcome its financial difficulties, it is still far too early to predict a successful outcome. On the other hand, since Angel & Frankel concede that they are not pressing for immediate payment, the reasons for allowing interim compensation are totally lacking. Furthermore, as a request for interim compensation, the application is two weeks too early and notice of it has not been given as required by Bankruptcy Rule 2002. Angel & Frankel minimize the significance of their failure to give notice and of the fact that their application is two weeks early. If denied on these grounds, they say they will simply resubmit their application and give the notice required. If the Court deemed their application had more merit, it would require Angel & Frankel to refile. The Court does not view the requirement of notice to all creditors of an application for $40,000.00 in compensation for four months' work as a mere technicality. The Court attaches great importance to giving all creditors the opportunity to be heard on all matters affecting their interests. But since the Court is disinclined to take any action at the present time on the application of Angel & Frankel, no purpose would be served by requiring renewal of the application on proper notice.

As the Code makes clear, an award of interim compensation is discretionary with the Court. In the exercise of that discretion, no award will be made at this time to Angel & Frankel.

Angel & Frankel complain that the debtors' accountants have been allowed payment, even to the extent of exhausting the full set-aside for the month of May, while they are currently receiving nothing except the $10,000 originally paid them. But the courts have recognized that concern with the debtor-in-possession's ability to continue operations may well authorize temporary discrimination as between creditors similarly situated. *See, Matter of Baptist Medical Center of New York*, 52 B.R. 417 (E.D.N.Y.1985), *aff'd*, 781 F.2d 973 (2d Cir. 1986).

■ At the present time, the debtor lacks the money with which to pay the professionals involved in this case, including Angel & Frankel. If the debtor were

compelled to pay them, it would be forced into liquidation, a result which this Court will not countenance. It would indeed be ironic that the demand of Angel & Frankel for payment of their services would bring about the precise result they were retained to avoid.

If the debtor succeeds in rehabilitating itself, as seems increasingly likely, not only Angel & Frankel, but all the other professionals involved in this proceeding will receive the compensation to which they are entitled under the Code. If Angel & Frankel is entitled to be paid $34,961, it will receive full payment. If the debtor rehabilitates itself, the so-called carve-out will cease to have any significance. It will be of only historical interest.

It is only if the debtor founders that the carve-out becomes significant. It then becomes significant because MHTC will take everything else. The carve-outs do not represent money now available to the debtor, but simply what MHTC will relinquish in the event of liquidation.

It will be time enough if that liquidation should take place, which it is the hope of everyone to avoid, to determine how the moneys so carved out should be divided up among the professionals. At that time, some adjustment might possibly be made for the fact that Eisner has already received $15,000. Some recoupment might even be appropriate or necessary. It is unnecessary at this time, however, to reach these issues. Suffice it to say that the award of $15,000 to Eisner has not entered into this Court's disposition of the present application of Angel & Frankel.

The Court is denying that application without prejudice to its renewal at the termination of this proceeding, either when the debtor is liquidated or when it successfully reorganizes and proposes a plan of confirmation. It does so for the following reasons:

(1) the notice given creditors did not comply with Bankruptcy Rule 2002;

(2) viewed as an application for final compensation, the application is premature;

(3) viewed as an application for interim compensation, the application is premature by two weeks;

(4) requiring the debtor to pay Angel & Frankel currently for its services would make a successful reorganization most unlikely and will not be ordered. At the same time, no purpose would be served by an award of interim compensation that is not to be paid.

(5) no award of final compensation is appropriate at the present time because the Court lacks the information necessary to evaluate the benefits to the debtors from the work of Angel & Frankel relative to the benefits from the work of other professionals and does not yet know the amount of money which will be available to pay all professionals at the termination of the case.

So Ordered.