Anthony Albert WILLIAMS, Appellant,

v.

Florica RADIVOJ, as Personal Representative of the Estate of George Radivoj, deceased, and Florica Radivoj, individually, Appellee.

No. 89–6495–CIV.

United States District Court,
S.D. Florida.

Sept. 20, 1989.

Sheldon J. Schlesinger and Scott P. Schlesinger, Sheldon J. Schlesinger, P.A., Fort Lauderdale, Fla., for plaintiff/appellee, Florica Radivoj.

William C. Stallions, Fort Lauderdale, Fla., for defendant/appellant, Anthony Albert Williams.

## MEMORANDUM DECISION

SCOTT, District Judge.

This cause raises the novel issue of whether the Bankruptcy Code provides protection to a debtor who has incurred liability for operating a motorboat while intoxicated.

## I. BACKGROUND

In July 1986, a jury in Broward County Circuit Court returned a verdict of $2.1 million against Anthony Albert Williams, Appellant, and in favor of Florica Radivoj, Appellee, for causing a motorboat accident in which Appellee's husband and one other person were killed. Appellant has conceded that he was intoxicated at the time of the accident.

Rather than paying the judgment, however, Appellant filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code, seeking discharge of the judgment. In response, Appellee invoked 11 U.S.C. § 523(a)(9), which excepts from discharge any judgment "incurred by the debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated."

Appellant's position, simply put, is that a motorboat is not a motor vehicle and therefore the exception from discharge does not apply. The bankruptcy court disagreed with Appellant and held that the judgment was subject to the exception from discharge under § 523(a)(9). 101 B.R. 356. This appeal followed.

## II. DISCUSSION

Appellant's contention that a motorboat is not a motor vehicle under 11 U.S.C. § 523(a)(9) is predicated upon a reading of Florida law. Appellant contends that the statute directs the courts to apply state law in determining whether the debtor was operating a motor vehicle at the time of the incident leading to an adverse judgment.

The statute excepts from discharge any judgment against the debtor

wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally in-

toxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

11 U.S.C. § 523(a)(9). The language of the statute making reference to state law modifies the term "legally intoxicated." This is apparent from a plain reading of the statute. The statute does not by its terms refer the bankruptcy court to state law to define the term "motor vehicle." Other courts considering the state law issue in analogous contexts have so held. *See, e.g., In re Lewis*, 77 B.R. 972, 973 (Bankr.S.D. Fla.1987) ("the only time a bankruptcy court must apply state law under 11 U.S.C. § 523(a)(9) is when determining what constitutes legal intoxication").

Congress left the term "motor vehicle" undefined in the statute. "Motor vehicle" is a broad term that has no universally accepted meaning. For this reason, the term has been the subject of much litigation, as noted by the parties in their briefs. We need not attempt to define the term in the abstract, however. Our role is to construe the term "motor vehicle" to give effect to the intent of Congress in enacting 11 U.S.C. § 523(a)(9).

Unfortunately, section 523(a)(9) has practically no recorded legislative history. *See In re Ganzer*, 54 B.R. 75, 76 (Bankr.D. Minn.1985) ("11 U.S.C. § 523(a)(9) was enacted without any reported legislative history.") Congress did indicate that the statute was designed to provide "reforms in the law of bankruptcy as it treats claims against drunk drivers, to ensure that victims of the drunk driver do not have their judgments against the drunk driver discharged in bankruptcy." Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 1984 U.S.Code Cong. & Admin.News (98 Stat.) 587 (remarks of Senator Dole).

Thus, in passing the amendment, Congress intended to give effect to a national public policy against drunk driving. Congress expected that section 523(a)(9) would prevent judgment debtors from using the simple expediency of bankruptcy to avoid liability for drunk driving. We conclude that Congress was concerned with the con-

sequences of drunk driving, and not the means. Accordingly, we agree with the bankruptcy court that, "[i]n this context, [there is] little distinction between a highway, an airway, and a waterway, or between an automobile, an airplane, and a boat." Findings of Fact and Conclusions of Law, April 25, 1989, at page 5.

Parenthetically, the Court observes that Florida has addressed the problem of drunk driving in the context of motorboats by passing a statute for "vessels" that tracks the language of the statute covering other "vehicles." *Compare* Fla.Stat. § 316.193(1)(a) ("vehicles"), *with* Fla.Stat. § 327.35 ("vessels"). Thus, even if state law applied, Appellant could find no safe harbor there.

## III. CONCLUSION

Finding no merit to Appellant's arguments under section 523(a)(9), it is hereby ORDERED and ADJUDGED that the judgment of the bankruptcy court is AFFIRMED.

DONE and ORDERED.