In the Matter of John GREENWAY, Bankrupt.

Joanne Brito BOYCE, Eric Boyce, John Sommerfield, Terry Rock, Kay Rock, and Estate of Deborah Rock (Kay Rock, Representative)

v.

John GREENWAY.

Civ. No. A–94–CA–510 JN.

United States District Court, W.D. Texas, Austin Division.

April 11, 1995.

Conde T. Cox, Cox & Rodnick, Austin, TX, for John Greenway.

Thomas Worth Graves, Adair & Myers, P.C., Larry G. Myers, Houston, TX, for Joanne Brito Boyce.

Karl O. Bayer, Jr., Austin, TX, for Eric Boyce and John Sommerfield.

Broadus Autry Spivey, Spivey, Grigg, Kelly & Knisely, P.C., Austin, TX, for Terry Rock and Kay Rock.

*ORDER AND JUDGMENT*

NOWLIN, District Judge.

Before the Court is an appeal from an Order of the Bankruptcy Court granting summary judgment to Defendant John Greenway. Plaintiffs/Appellants filed their brief on September 9, 1994 and Defendant/Appellee filed his brief on September 26, 1994. After reviewing the arguments of counsel and the applicable law, the Court is of the opinion that the Bankruptcy Court's

decision to grant summary judgment should be affirmed in part and reversed in part.

## I. INTRODUCTION

The issue to be decided by this Court is whether the Bankruptcy Code discharges a debt that was incurred as a result of the debtor operating a motorboat while intoxicated. The Plaintiffs in this case obtained a judgment in state court against Defendant for wrongful death and personal injuries which occurred as a result of a motorboat collision. Although Plaintiffs alleged that Defendant was intoxicated at the time of the accident, the jury did not directly pass on the question of intoxication. The jury merely found the Defendant negligent and he was assigned 60% of the responsibility.

On October 25, 1993, Defendant filed for protection from the state court judgment under Chapter 7 of the bankruptcy laws. Plaintiffs then filed this adversary proceeding seeking a determination of non-dischargeability of the judgment under 11 U.S.C. § 523(a)(6) & (9). On June 1, 1994, the bankruptcy judge granted summary judgment in favor of the Defendant and ordered that his judgment debt to the Plaintiffs be discharged. Plaintiffs have filed this appeal asking the Court to reverse the decision of the bankruptcy judge and remand this case for trial.

## II. DISCUSSION

Under 11 U.S.C. § 523 of the Bankruptcy Code, certain types of debts are excepted from the dischargeability of debt in bankruptcy. Plaintiffs argue that two of these exceptions apply and that the Defendant's judgment debt should not be discharged.

■ Plaintiffs first argue that the debt is not dischargeable under 11 U.S.C. § 523(a)(6) because it is the result of a willful and malicious injury. However, the jury in the state court matter found that the Defendant did not act with gross negligence in connection with the incident at issue. The Bankruptcy Court held that the parties were collaterally estopped from attacking the jury finding on this issue and concluded that Defendant "could not be said to have caused willful and malicious injury within the meaning of Section 523(a)(6) of the Code." After reviewing the record and the applicable law, the Court agrees and finds that the Bankruptcy Court's decision of this issue should be affirmed.

■ Plaintiffs next argue that, under 11 U.S.C. § 523(a)(9), the debt is not dischargeable because it is a judgment based upon the alleged drunk driving of a motorboat. Under the Bankruptcy Code, a debt is not dischargeable if· it is "for death or personal injury caused by the debtor's operation of a *motor vehicle* if such operation was unlawful because the debtor was intoxicated from using alcohol. . . ." 11 U.S.C. § 523(a)(9) (emphasis added).

The debt in the present case is for injuries sustained as a result of the Defendant's operation of a motorboat while allegedly intoxicated.[1] Therefore, the Court must determine two issues: (1) whether a motorboat qualifies as a motor vehicle under § 523(a)(9) and (2) whether, at the time of the incident in question, it was unlawful to operate a motorboat while intoxicated.

As to whether a motorboat qualifies as a "motor vehicle" under § 523(a)(9), the only two reported cases dealing with the issue reached opposite conclusions. *See Radivoj v. Williams (In re Williams)*, 101 B.R. 356 (Bankr.S.D.Fla.1989), *aff'd, Williams v. Radivoj*, 111 B.R. 361 (S.D.Fla.1989) (holding that a motorboat was a "motor vehicle" within the context of § 523(a)(9)); *Willison v. Race (In re Race)*, 159 B.R. 857 (Bankr. W.D.Mo.1993) (holding that a motorboat was not a "motor vehicle" within the context of § 523(a)(9)). The split is primarily caused by Congress' failure to define the term "motor vehicle" in the Bankruptcy Code. Additionally, § 523(a)(9) has practically no recorded legislative history and principles of statutory construction provide no clear guidance.[2] *See Thomas v. Ganzer (In re Ganzer)*, 54

---

1. Although the jury found Defendant liable, they did not reach the issue of intoxication.

2. Although both sides present statutory construction arguments to support their position, the Court finds that neither is more persuasive than the other.

B.R. 75, 76 (Bankr.D.Minn.1985) ("11 U.S.C. § 523(a)(9) was enacted without any reported legislative history.").

However, the policy behind § 523(a)(9) is clear from the language of the statute and from what little legislative history exists. It was designed to provide "reforms in the law of bankruptcy as it treats claims against drunk drivers, to ensure that victims of the drunk driver do not have their judgments against the drunk driver discharged in bankruptcy." Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 1984 U.S.Code Cong. & Admin.News (98 Stat.) 587 (remarks of Senator Dole). The Court can see no reason why Congress would have been concerned with drunk driving in one context and not the other. The Court concludes that "Congress was concerned with the consequences of drunk driving, and not the means." *Radivoj v. Williams (In re Williams)*, 111 B.R. 361, 362 (S.D.Fla.1989). Therefore, the Court finds that a motorboat is a "motor vehicle" within the meaning of § 523(a)(9).

As to the second issue, the Bankruptcy Court found that it was lawful to operate a boat while intoxicated on the date of the incident. However, Plaintiffs have cited statutory authority which clearly shows that operating a motor boat while intoxicated was in fact illegal at the time of the incident. Defendant apparently concedes the issue because he did not address it in his brief. Therefore, the Court finds that it was unlawful to operate a boat while intoxicated at the time of the incident in question.

IT IS **THEREFORE ORDERED, ADJUDGED AND DECREED** that the decision of the Bankruptcy Court to enter a Summary Judgment in Favor of Defendant Greenway is **AFFIRMED IN PART AND REVERSED IN PART** and this case is hereby **REMANDED** to the Bankruptcy Court for trial.