United States Court of Appeals,

Fifth Circuit.

No. 95-50309

Summary Calendar.

In the Matter of John W. GREENWAY, Debtor.

Joanne Brito BOYCE; Eric Boyce; John Sommerfield; Terry Rock; Kay Rock, For Representatives of the Estate of Debbie Rock, Appellees Cross-Appellants,

v.

John W. GREENWAY, Appellant Cross-Appellee.

Jan. 10, 1996.

Appeals from the United States District Court for the Western District of Texas.

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Defendant John W. Greenway appeals the district court's partial reversal of the bankruptcy court's order granting Greenway's motion for summary judgment. Plaintiffs Joanne Brito Boyce, Eric Boyce, John Sommerfield, Terry Rock, Kay Rock, and the Estate of Debbie Rock cross-appeal the district court's partial affirmance of the bankruptcy court's order granting Greenway's motion for summary judgment. We reverse in part, affirm in part, and render judgment.

I

A motorboat, operated by John Greenway, crashed into Plaintiffs vessel, causing a fatality and various injuries. The accident occurred on a lake at night. Greenway had been drinking. Plaintiffs sued in state court, and a jury, finding that Greenway

1

was sixty percent responsible for the accident, awarded the Plaintiffs damages proportional to Greenway's fault.[1] Unable to pay the judgment, Greenway sought protection under Chapter 7 of the Bankruptcy Code. The Plaintiffs commenced this adversary proceeding in the bankruptcy court to block the discharge of Greenway's debt. The Bankruptcy Code does not allow the discharge of debts arising from, among other things, willful and malicious injuries,[2] or from death or personal injuries caused by the operation of a "motor vehicle" if that operation was unlawful due to the debtor's intoxication.[3] The Plaintiffs argued that these two provisions barred the discharge of Greenway's debt. The bankruptcy court disagreed. Because the jury in Greenway's state trial had rejected liability for gross negligence, the bankruptcy court found the Plaintiffs collaterally estopped from litigating whether Greenway's actions were willful or malicious under 11 U.S.C. § 523(a)(6). The bankruptcy court further found that the plain meaning of the term "motor vehicle," in 11 U.S.C. § 523(a)(9), did not include motorboats, and held § 523(a)(9)

---

[1]The jury found Plaintiffs forty percent responsible for the accident, and under Texas comparative negligence rules, compensated Plaintiffs for only sixty percent of the total value of their injuries.

[2]*See* 11 U.S.C. § 523(a)(6) (exempting from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity").

[3]*See* 11 U.S.C. § 523(a)(9) (exempting from discharge any debt incurred "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance").

inapplicable to Greenway's case. The bankruptcy court thus granted Greenway's motion for summary judgment. On appeal, the district court affirmed the bankruptcy court's finding that the Plaintiffs were collaterally estopped from litigating whether Greenway's actions had been willful and malicious, but reversed the bankruptcy court's interpretation of the term "motor vehicle," reading the term to include motorboats. The district court then remanded the case to the bankruptcy court for trial on whether Greenway was intoxicated, within the meaning of § 523(a)(9) of the Bankruptcy Code, when the accident occurred.[4] Both Plaintiffs and Greenway filed timely notices of appeal.

## II

The Bankruptcy Code allows a debtor to discharge all debts incurred prior to filing for bankruptcy, subject to certain exceptions. 11 U.S.C. § 727(b); *Citizens Bank & Trust Co. v. Case (In re Case),* 937 F.2d 1014, 1024 (5th Cir.1991). Greenway appeals the district court's reading of the exception contained in § 523(a)(9) of the Bankruptcy Code involving the intoxicated operation of a "motor vehicle." We review a district court's interpretation of the Bankruptcy Code *de novo. Bruner v. United States (In re Bruner),* 55 F.3d 195, 197 (5th Cir.1995).

As with any statutory question, we begin with the language of the statute. *Kellogg v. United States (In re West Texas Marketing Corp.),* 54 F.3d 1194, 1200 (5th Cir.), *cert. denied,* --- U.S. ----,

---

[4]In the state court proceeding, the jury made no finding as to Greenway's possible intoxication.

3

116 S.Ct. 523, --- L.Ed.2d ---- (1995). In determining a statute's plain meaning, we assume that, absent any contrary definition, "Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning." *Pioneer Investment Services v. Brunswick Associates,* 507 U.S. 380, ----, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993) (internal quotation marks omitted). As the Supreme Court has stated: "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982) (internal quotation marks omitted). If the language is clear, then "the inquiry should end." *United States v. Ron Pair Enterprises,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

The terms "motorboat" or "water craft" do not appear in § 523(a)(9) of the Bankruptcy Code. Nor does the Bankruptcy Code expressly define the term "motor vehicle." Therefore, we must determine if the plain or common meaning of the term "motor vehicle," as used in § 523(a)(9), includes motorboats.[5] Only if

---

[5]We note that "11 U.S.C. § 523(a)(9) was enacted without any reported legislative history." *Thomas v. Ganzer (In re Ganzer),* 54 B.R. 75, 76 (Bankr.D.Minn.1985). Whether § 523(a)(9) bars the discharge of debts arising from the intoxicated operation of a motorboat is an issue of first impression in this circuit. The only two other reported cases addressing the issue reached opposite results. *Compare Radivoj v. Williams (In re Williams),* 101 B.R. 356, 358 (Bankr.S.D.Fla.1989) *aff'd,* 111 B.R. 361 (S.D.Fla.1989) (holding that § 523(a)(9) of the Bankruptcy Code includes motorboats) *with Willison v. Race (In re Race),* 159 B.R. 857, 860-61 (Bankr.W.D.Mo.1993) (holding that § 523(a)(9) does not include motorboats).

4

the term is ambiguous will we proceed beyond the language as written. *Ron Pair Enterprises, Inc.,* 489 U.S. at 241, 109 S.Ct. at 1030. The dictionary defines "motor vehicle" as "an automotive vehicle not operated on rails; esp: one with rubber tires for use on highways." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 775 (1986); *see also* RANDOM HOUSE COLLEGE DICTIONARY 871 (revised ed. 1980) (defining "motor vehicle" as "any transportation vehicle designed for use on highways, as an automobile, bus, or truck"). Additionally, Congress has used "motor vehicle" to refer exclusively to automobiles in other statutes. For example, Chapter 301 of the Transportation Code defines "motor vehicle" as "any vehicle driven or drawn by mechanical power manufactured primarily for use on the public streets, roads and highways, but does not include a vehicle operated only on a rail line." 49 U.S.C. § 30102(a)(6).[6]

The above definitions comport with our understanding that the plain and common meaning of the term "motor vehicle" does not include motorboats. Had Congress intended to include motorboats within § 523(a)(9), they would have either defined the term "motor vehicle" to include motorboats or added motorboats to the exception. It is not the job of the courts to legislate, and the Supreme Court has counseled that where the statutory language is

---

[6]In addition, we note that Congress consistently refers to motor vehicles and water craft separately in its enactments. *See, e.g.,* 31 U.S.C. § 1344(g)(1) (defining "passenger carrier" to mean "passenger motor vehicle, aircraft, boat, ship, or other similar means of transportation"); 16 U.S.C. § 1133(c) (discussing the use of "motor vehicles, motorized equipment, and motorboats"); 22 U.S.C. § 4304a(a)(2) (setting insurance requirements for "motor vehicles, vessels, and aircraft").

plain, "the sole function of the court is to enforce it according to its terms." *Ron Pair Enterprises, Inc.,* 489 U.S. at 241, 109 S.Ct. at 1030 (internal quotation marks omitted).  The district court erred in reading the term "motor vehicle" in § 523(a)(9) of the Bankruptcy Code to include motorboats.[7] *See Willison v. Race (In re Race),* 159 B.R. 857, 860-61 (Bankr.W.D.Mo.1993) (resisting the urge "to give effect to a perceived goal of Congress" and holding that the plain language of § 523(a)(9) does not include motorboats).  Accordingly, we hold that § 523(a)(9) does not encompass motorboats, and therefore does not bar the discharge of Greenway's debt.[8]

### III

Plaintiffs argue that the district court erred in upholding the bankruptcy court's ruling that Plaintiffs were collaterally estopped from litigating whether Greenway's actions were willful

---

[7]We reject the plaintiffs contention that we should parse the term "motor vehicle" into its component parts, thereby defining the term as any "vehicle" or "conveyance" that is powered by a mechanized motor.  Such a technical definition of the term "motor vehicle" would result in including within the statute motorized wheelchairs, golf carts, riding lawn mowers, and perhaps even certain children's toys.  Reading the term in this way would be overbroad, and would not comport with the Supreme Court's view that in interpreting the Bankruptcy Code, we must try to discern the "natural reading" of the language in question.  *Ron Pair Enterprises,* 489 U.S. at 241, 109 S.Ct. at 1030.

[8]Our conclusion is also supported by the fact that we are bound to construe the exceptions contained in § 523 of the Bankruptcy Code narrowly and in favor of the debtor. *See Citizens Bank & Trust Co. v. Case (In re Case),* 937 F.2d 1014, 1024 (5th Cir.1991) ("Any exception to the general discharge of a debtor's debts is strictly governed by the Code and construed narrowly in favor of the debtor and against the creditor requesting the determination.").

and malicious under § 523(a)(6) of the Bankruptcy Code, a finding which would disallow the discharge of Greenway's debt. The preclusive effect of a state court judgment is a question of law that we review *de novo. Garner v. Lehrer (In re Garner),* 56 F.3d 677, 679 (5th Cir.1995). A state court judgment's preclusive effect on a subsequent federal action is determined by the full faith and credit statute, which provides that state proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331-32, 84 L.Ed.2d 274 (1985). Under this statute, we must look to the rules of preclusion of the state in which the judgment was rendered in order to determine the judgment's preclusive effects. *Marrese,* 470 U.S. at 380, 105 S.Ct. at 1332. Because Greenway's state judgment was entered by a Texas court, we apply Texas preclusion rules. *Garner,* 56 F.3d at 679.

Under Texas law, "collateral estoppel bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit." *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984); *see also Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992) (stating that collateral estoppel "prevents relitigation of particular issues already resolved in a prior suit"). To determine whether this standard has been met, "a party must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in

7

the prior action, (2) those facts were essential to the judgment in the first case, and (3) the parties were cast as adversaries in the first action." *Bonniwell,* 663 S.W.2d at 818; *see also Amica Mutual Insurance Co. v. Moak,* 55 F.3d 1093, 1097 (5th Cir.1995) (quoting *Bonniwell,* 663 S.W.2d at 818). The Plaintiffs were adverse to Greenway in the state trial, and do not dispute that gross negligence was adequately litigated. Nor do the Plaintiffs dispute that the facts sought to be litigated in the bankruptcy court were essential to the judgment in the state trial. Therefore, we must determine whether the jury's refusal to find gross negligence in the state trial necessarily determined that Greenway's conduct was not "willful and malicious" under § 523(a)(6) of the Bankruptcy Code. In the state court proceeding, gross negligence was defined to the jury as "such an entire wont of care as to establish that the act or omission in question was the result of actual conscious indifference to the rights, welfare and safety of the persons affected thereby."[9] Conscious indifference is the salient element of gross negligence under Texas law. *See Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10 (Tex.1994) (tracing development of Texas law on gross negligence). We have consistently defined "willful and malicious" under § 523(a)(6) of the Bankruptcy Code to mean "intentional" and lacking "just cause or excuse." *See Garner,* 56 F.3d at 681 (listing cases). Comparing Texas' standard for gross negligence with the language of §

---

[9]Pursuant to Texas law, the jury was asked in "Question 9," "Was such negligence by John Greenway gross negligence?" The jury answered, "No."

8

523(a)(6), we agree with the district court that the jury's refusal to find that Greenway acted with "actual conscious indifference" necessarily precludes a subsequent finding that Greenway's actions were both "intentional" and without "just cause or excuse." Accordingly, we affirm the district court's holding that the Plaintiffs are collaterally estopped from litigating whether Greenway's actions were willful and malicious under § 523(a)(6) of the Bankruptcy Code.

## IV

We REVERSE the district court's order insofar as it includes motorboats within the term "motor vehicle" under § 523(a)(9) of the Bankruptcy Code, and we hold that § 523(a)(9) does not bar the discharge of Greenway's debt. We AFFIRM the district court's order insofar as it holds that Greenway's acquittal for gross negligence in his state jury trial collaterally estops the Plaintiffs from seeking to litigate whether Greenway's actions were "willful and malicious" under § 523(a)(6) of the Bankruptcy Code. Because neither of the exceptions at issue here disallows the discharge of Greenway's debt in bankruptcy, we RENDER judgment in favor of Greenway.