**In re T.A.B. CONSTRUCTION, Debtor.**

**Bankruptcy No. 95–12239–FM.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

Jan. 24, 1996.

---

822

Patrick C. Hargadon, Martinec, Hargadon & Wise, P.C., Austin, TX, for debtor.

## MEMORANDUM OPINION ON FIRST INTERIM FEE APPLICATION OF DEBTOR'S COUNSEL

FRANK R. MONROE, Bankruptcy Judge.

The Court held a hearing on January 18, 1996 upon the Debtor-in-possession's counsel's First Interim Fee Application. The only objection was filed by the Office of the United States Trustee. That objection was that the Application was filed prematurely since § 331 of the Bankruptcy Code precludes the filing of a fee application for any professional fees within 120 days after the order for relief.

This case was filed on September 8, 1995. Applicant was approved as counsel for the Debtor on September 11, 1995. The Application covers the period of time from September 1, 1995 through October 31, 1995, a period of sixty-one (61) days. The Application was filed on November 14, 1995, seventy-four (74) days after the entry of the order for relief.

Section 331 of the Bankruptcy Code provides in relevant part that, "..., a debtor's attorney, ... employed under § 327 ... of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for compensation for services rendered before the date of such application ...". 11 U.S.C. § 331.

■ No party has asked and the Court has not allowed compensation to be requested more often than every 120 days. The question here is whether the language of the statute requires Debtor's counsel to wait 120 days from the order from relief to file its first interim fee application.

■ "Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning." *Pioneer Investment Services v. Brunswick Asso.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). "If the language is clear, then 'the inquiry should end'." *Matter of Greenway*, 71 F.3d 1177 (5th Cir.1996) citing *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

The relevant statutory language says that debtor's attorney may apply to the court "not more than once every 120 days *after the order for relief* ...". 11 U.S.C. § 331 (emphasis added). It seems clear, at least to this writer, that a debtor's attorney may, therefore, not apply for interim compensation until at least 120 days after the order for relief. See accord, *In re Augie/Restivo Baking Co., Ltd.*, 64 B.R. 236, 238 (Bankr. E.D.N.Y.1986), reversed on other grounds, 860 F.2d 515 (2nd Cir.1988); *Matter of Sun Spec Industries, Inc.*, 3 B.R. 703, 706 (Bankr. S.D.N.Y.1980).

Accordingly, this First Interim Fee Application should be denied without prejudice as being prematurely filed.