In re Michael DUNN, Dunn, Michael
E. & Lisa A., Debtors.

Donna SCHWARTZ, Plaintiff–Appellee,

v.

Michael Edward DUNN, Defendant–
Appellant.

No. 96–CV–73671–DT.
Bankruptcy No. 95–51109–R.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 5, 1996.

John S. Davidson, Troy, MI, for Appellant–Debtors.

Marvin J. Monroe, John E. Curley, South-field, MI, for Appellee.

## *OPINION*

DUGGAN, District Judge.

### INTRODUCTION

This matter is before the Court on the debtors' appeal from the Bankruptcy Court. In an adversarial proceeding, the Bankruptcy Court, Rhodes, J., granted the plaintiff-appellee Donna Schwartz's motion for summary judgment, finding that the judgment she received against the debtor, defendant-appellant Michael Dunn, was non-dischargeable under 11 U.S.C. § 523(a)(9). Dunn disagrees and seeks review of the Bankruptcy Court's ruling from this Court.

### BACKGROUND

In February 1993, Donna Schwartz was injured when she was struck by a snowmobile driven by Michael Dunn. A breathalizer test conducted on Dunn by the Oakland County Sheriffs Department shortly after the accident indicated he had a blood-alcohol level of .163%. Schwartz sustained severe injuries and underwent numerous surgeries as a result of this accident. Consequently, she brought an action against Dunn in Oakland County Circuit Court. A judgment was entered against Dunn after both parties accepted a mediation award of $450,000. Shortly thereafter, Dunn and his wife filed for Chapter 7 bankruptcy to discharge their debts, including the judgment against him for Schwartz's personal injuries.

Schwartz filed an adversary proceeding in the Bankruptcy Court seeking to exempt her personal injury judgment from a bankruptcy discharge, pursuant to 11 U.S.C. § 523(a)(9), which denies discharge of a debt arising from a judgment entered against a debtor as a result of debtor's operation of a motor vehicle while legally intoxicated. Both parties filed motions for summary judgment.

The sole issue argued before the Bankruptcy Court was whether a snowmobile constituted a motor vehicle under the Bankruptcy Code. The Bankruptcy Court ruled that a snowmobile is a motor vehicle under the Bankruptcy Code and thus Schwartz's judgment against Dunn is non-dischargeable under 11 U.S.C. § 523(a)(9).

### DISCUSSION

Dunn, hereinafter referred to as defendant-appellant, raises two issues on his appeal from the Bankruptcy Court's ruling in favor of Schwartz, hereinafter referred to as plaintiff-appellee. First, defendant-appellant contends the Bankruptcy Court erred in finding that a snowmobile is a motor vehicle under 11 U.S.C. § 523(a)(9). Second, he argues his right to due process was violated because the lower court, as a part of its determination of non-dischargeability, did not make a proper finding of fact as to his alleged intoxication.

### *Snowmobile as a Motor Vehicle*

■ 11 U.S.C. § 523(a)(9) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt....

(9) for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance ...

As the Bankruptcy Court noted, the Bankruptcy Code ("Code") does not define the term "motor vehicle." The Bankruptcy Court, however, concluded that it should be guided by the definitions in the applicable state law, and that it should "apply those definitions unless there is some suggestion that the state definitions are in contravention of what Congress intended." Relying on several definitions of "motor vehicle" and "snowmobile" found throughout Michigan law, the Bankruptcy Court determined that including snowmobile within the term "motor vehicle" did not contravene and, in fact, furthered the Congressional intent behind the enactment of 11 U.S.C. § 523(a)(9).

In considering this appeal, this Court is to review the Bankruptcy Court's conclusions of law de novo. *Matter of MCI, Inc.*, 151 B.R. 103 (E.D.Mich.1992). The findings of fact made by the Bankruptcy Court will be dis-

turbed only if they are clearly erroneous. *Id.*

Whether a snowmobile is a "motor vehicle" under the Code is an issue of first impression in this Circuit. A handful of cases from other circuits have grappled with the similar issue of whether a motorboat is a "motor vehicle" under 11 U.S.C. § 523(a)(9). See *Matter of Greenway,* 71 F.3d 1177 (5th Cir. 1996) and *In re Fall,* 192 B.R. 16 (Bankr. D.N.H.1995) (both holding that Congress did not intend "motor vehicles" to include motorboats); Contra *Willison v. Race,* 192 B.R. 949 (W.D.Mo.1995) and *Williams v. Radivoj,* 111 B.R. 361 (S.D.Fla.1989) (holding that legislative intent was to include motorboats under "motor vehicle" provision of 11 U.S.C. § 523(a)(9)) [1].

Statutory interpretation begins with examination of the language of the statute itself. *Landreth Timber Co. v. Landreth,* 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). As noted above, the Code does not define the term "motor vehicle" in § 523(a)(9), or anywhere else. Courts are to assume, absent indication to the contrary, that "Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.'" *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993) (quoting *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979)). If the language is clear, the interpretive inquiry ends; however, if the statutory language is ambiguous, the legislative intent must be discerned. *United States v. Ron Pair Enter.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). To determine the meaning Congress intended its enactment to carry, courts are to look to the legislative history. See *Adm'r, FAA v. Robertson,* 422 U.S. 255, 95 S.Ct. 2140, 2145, 45 L.Ed.2d 164 (1975).

Recently, in determining whether a motorboat is a "motor vehicle" under § 523(a)(9), the District Court for the Western District of Missouri concluded that "[m]otor vehicle is a broad term that has no universally accepted meaning." *Willison,* at 953 (quoting *Williams v. Radivoj,* 111 B.R. 361, 362 (S.D.Fla.1989)). However, after reviewing numerous definitions of "motor vehicle" in other federal statutes and in several dictionaries, the Fifth Circuit concluded in *Matter of Greenway,* 71 F.3d 1177, 1179–80 (5th Cir.1996), that those definitions reveal a plain and common meaning of the term "motor vehicle" such that a probe of the legislative intent was unwarranted.

This Court disagrees with the *Greenway* court's finding that "motor vehicle" is unambiguous in its meaning and concurs with the *Willison* court in finding that motor vehicle has no one plain, common meaning. See e.g. The National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. §§ 1391(3) and 1901(15) (defining motor vehicle as a driven vehicle manufactured primarily for use on public streets, roads and highways); 18 U.S.C. § 2311 (defining motor vehicle as an automobile, truck, motorcycle, or any other self-propelled vehicle designed to run on land); 49 U.S.C. § 303 (defining motor vehicle as any vehicle, machine, tractor or trailer propelled by mechanical power and used upon the highways); the Roberts Act, 40 U.S.C. § 703(1) (defining motor vehicle as any self-propelled vehicle designed for use on highways); and 1 U.S.C. § 4 (defining vehicle as including all means of land transportation). See also *Webster's Ninth New Collegiate Dictionary* 775 (1991) (defining motor vehicle as an automotive vehicle not operated on rails, especially one with rubber tires for use on highways); and *American Heritage Dictionary, Second College Edition* 817 (1991) (defining motor vehicle as a self-propelled, wheeled conveyance).

The ambiguity of this term requires the court to probe the legislative history to determine Congress' intent as to coverage of § 523(a)(9). In ascertaining Congress' intent in drafting § 523(a)(9), the court must exam-

---

**1.** It should be noted that the cases deciding whether motorboats are "motor vehicles" under § 523(a)(9) relied on definitions of motor vehicle from dictionaries and other federal statutes. Several of these definitions clearly exclude motorboats, but would include snowmobiles. See e.g. 1 U.S.C. § 4 (defining vehicle as "every description of carriage or other artificial contrivance used ... as a means of transportation on **land** ") (emphasis added).

ine both the policy concerns leading to specific provisions in the individual statute and the policy motivating the Bankruptcy Act as a whole. *Willison,* at 953.

Section 523(a)(9) was enacted with almost no reported legislative history. *Id.,* at 954; see Bankruptcy Amendments of 1984, P.L. 98–353 (1984). However, an examination of the House Report regarding the Crime Control Act of 1990, legislation which amended § 523(a)(9) of the Code, reveals that Congress' purpose in enacting the legislation was to further protect the victims of drunk drivers. The report indicates that the purpose of the amendment of § 523(a)(9) was to ensure that "the drunk driving provision will cover **all forms of driving** while intoxicated ..." H.R.Rep. No. 101–647, at 163–165 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, at 6569–71 (emphasis added).

In addition, the Senate Report accompanying the enactment of the Drunk Driver Victims' Protection Act of 1990, which also amended § 523(a)(9), elaborates on Congress' intent to protect the victims of drunk driving.

> A drunk driving crash in which an innocent victim is injured or killed is a tragedy. It is a double tragedy if the drunk driver can avoid paying a civil judgment to his victims by seeking protection under the Bankruptcy Code. [This bill] will help ensure that victims are compensated for their damages by drunk drivers. Those guilty of destroying the lives of innocent citizens will no longer find safe haven in our bankruptcy laws.... As Chairman Biden stated, [this bill] "prevents drunk driving victims from being victimized a second time under the bankruptcy laws," and "protects the rights of drunk driving victims."

S.Rep. No. 101–434, at 3, 4 (1990), reprinted in 1990 U.S.C.C.A.N. 4065, at 4066, 4067 (quoting Statement of Chairman Biden on S.1931, June 14, 1990).

As the legislative history behind the amendments to § 523(a)(9) makes clear, the purpose behind that section is to protect the victims of debtors who have unlawfully driven while intoxicated. See *Willison,* at 954.

Because Congress clearly intended to protect victims of drunk driving when it enacted and amended § 523(a)(9) of the Code, this Court is satisfied that a reasonable construction of the term "motor vehicle" under this section includes a snowmobile.[2]

### Finding of Fact as to Defendant–Appellant's Intoxication

Defendant-appellant also argues that the Bankruptcy Court erred by not making a proper finding of fact as to his alleged intoxication at the time of the accident. He raises this argument for the first time on this appeal.

The Bankruptcy Court specifically noted that the sole issue in dispute was whether a snowmobile was a motor vehicle under the Code. In addition, the Bankruptcy Court ruled that there were no genuine issues of material fact to be resolved because the parties were not in dispute over the underlying facts of the case. Defendant-appellant did not raise the issue of his intoxication to the Bankruptcy Court initially so that it could make a factual determination on that matter; nor did he object to the conclusion of the Bankruptcy Court that there was no dispute as to the facts of the case.

Because this issue was not raised in the Bankruptcy Court, this Court will not consider it on appeal. Although it has discretion to entertain questions not raised in the proceedings below, generally an appellate court will not consider such an issue, unless failure to consider that issue would result in a manifest injustice. *In re Charfoos,* 979 F.2d 390, 395 (6th Cir.1992).[3]

---

**2.** The Court notes that the Bankruptcy Court did not err in relying on state law to define "motor vehicle" in § 523(a)(9). Although the interpretation of the Bankruptcy Code is a matter of federal law and state law is not controlling, "it is appropriate to analyze state law as persuasive authority." *In re Race,* 159 B.R. 857, 861

(Bankr.W.D.Mo.1993) *rev'd on other grounds,* 192 B.R. 949 (W.D.Mo.1995).

**3.** A breathalizer test administered on defendant-appellant at the scene of the accident indicated he had a blood alcohol content of .163%. Pursuant to M.C.L. 324.82127, a person shall not operate a snowmobile with a blood alcohol content of

## CONCLUSION

For the reasons set forth above, this Court is satisfied that a snowmobile constitutes a motor vehicle under § 523(a)(9) of the Bankruptcy Code and that it is not required to consider on appeal questions not presented to the Bankruptcy Court. As a result, plaintiff-appellee's judgment against the defendant-appellant is non-dischargeable according to § 523(a)(9) of the Code. The decision of the Bankruptcy Court is affirmed.

.10% or more by weight of alcohol. Therefore, if this issue were considered by the Court, the Court would conclude that the Bankruptcy Court's determination that defendant-appellant was intoxicated was not clearly erroneous.