**In re Mary ROSS, Debtor.**

**Bankruptcy No. LA 88–19788.**

United States Bankruptcy Court,
C.D. California.

June 19, 1991.

Allan D. Sarver, Los Angeles, Cal., for debtor.

Gilbert Robinson, Robinson, Diamant, Brill & Klausner, Los Angeles, Cal., for trustee.

Sandra Bendon, Los Angeles, Cal.

Timothy D. Kelley, Rancho Santa Fe, Cal.

Marcy J.K. Tiffany, U.S. Trustee, Los Angeles, Cal.

## OPINION RE MOTION TO COMPEL AMENDMENT

LISA HILL FENNING, Bankruptcy Judge.

In 1988 Mary Ross ("Debtor") filed a voluntary chapter 11 petition that was later converted to a chapter 7 case. Among Debtor's claimed exemptions is an exemption for alimony and child support with a listed value of "unknown."

The Chapter 7 Trustee ("Trustee") has moved for entry of an order to compel Debtor to amend her schedules to list a specific value for her claimed alimony exemption. Because the exemption claim is not described with sufficient specificity to be effective, the Court holds that Debtor must amend her schedule B–4 to place a value on her claimed exemption of alimony and child support. Once the schedules are amended, the Trustee can determine whether to challenge the amount claimed as exempt.

### FACTS

The material facts are undisputed. Debtor's Schedule B–4 claims as exempt property "spousal and child support" arrearages owed by her ex-husband, Gerald Stroke. The value of this exemption was

not specified, but rather was listed as "unknown." Her personal property schedule describes this asset as a liquidated debt of "unpaid spousal support nondischargable; unpaid child support in an amount of $120,000.00."

At the chapter 7 Section 341(a) meeting, the Debtor attempted to justify her failure to specify an amount for her alimony and support exemption on the ground that she did not know how much her alimony and support claim would turn out to be worth, due to her ex-husband's own bankruptcy filing. After the meeting, the Trustee wrote the Debtor requesting that she amend her schedule B–4 to value her exemption of alimony. The Debtor did not comply with the Trustee's request.

Long afterwards, the Trustee brought this motion to compel Debtor to place a value on the exemption of alimony. He agrees that Debtor is entitled to exempt support arrearages in a reasonable amount, but argues that he cannot evaluate whether to object to the *amount* of the exemption unless he knows how much of the support arrearages is being claimed as exempt. Debtor opposes this motion because the deadline for any objection has, passed, thus arguably barring the Trustee from filing any objection to her exemption.

### ISSUES

1. Whether the Debtor was required to place a value on her Schedule B–4 claim for an exemption of alimony.

2. Whether the Trustee is time-barred from filing any objection to Debtor's exemptions.

### DISCUSSION

I. *Property Claimed as Exempt Must Be Specifically Identified.*

Under the Bankruptcy Code, all property of the debtor becomes property of the estate upon the filing of the petition. 11 U.S.C. § 541(a). Once an estate is created, the Debtor may "file a list of property that the debtor claims as exempt." 11 U.S.C. § 522(b).

California has exercised its right under § 522(b)(1) to "opt out" of the federal list of exemptions and to establish by state law the nature and maximum amount of exemptions available in bankruptcy cases. In practice, however, California's bankruptcy exemption scheme adopts the same exemptions as the Bankruptcy Code. Thus, California Civil Procedure Code § 703.140(b)(10)(D) parallels Bankruptcy Code § 522(d)(10)(D), permitting a debtor to exempt "alimony, support or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

■ The Trustee does not contest Debtor's entitlement to such an exemption. The issue is rather what amount of alimony and support arrearages is "reasonably necessary" for the Debtor's support under the circumstances. As the Trustee did not file a timely objection to the claimed exemption, a challenge at this stage is possible only if either (1) the exemption claim is ineffective on its face, or (2) the Trustee is entitled to seek a determination limiting the *value* of the exemption without the procedural prerequisite of a timely formal objection.

■ Because of the personal benefit conferred by the exemption provisions, the debtor must comply with the Bankruptcy Code and Rules in order to remove property from the estate by claiming an exemption. If the debtor fails to comply, the exemption claim is ineffective: the property remains part of the estate and is therefore available to repay the creditors. *Payne v. Wood,* 775 F.2d 202, 204 (7th Cir.1985), *cert. den.,* 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986); *Gardner v. Johnson,* 195 F.2d 717, 719–720 (9th Cir. 1952).

■ The fundamental requirement is that the debtor must properly identify any property claimed as exempt by listing it on Schedule B–4. For each "type of property" claimed as exempt, the Official Form requires that the debtor state its "location, [and] description," "the statute creating the exemption," and the "value claimed exempt."

■ The available exemption for most types of property is limited in amount, which is why the value must be set forth.

As stated in *Payne v. Wood, supra,* 775 F.2d at 206:

"The requirement that the debtor list the property serves at least two functions. One is to settle claims of title, so that on the day of discharge everyone knows who owns what. The other is to allow the trustee to decide which claims to challenge. Debtors are not perfectly trustworthy, and unless that claim of exemption contains sufficient detail to put the trustee on notice of questionable assertions, it will not be possible to administer the statutory scheme."

The particular defect in the exemption description at issue in *Payne* was undervaluation, not a total absence of valuation. The debtors listed an aggregate value of $1205 for household items. When their house burned down, they sought to retain the replacement value insurance proceeds of more than $17,000.00. The Court of Appeals held the debtors to the value limits declared on the schedules; the trustee was awarded the balance of the insurance proceeds. This seemingly harsh result was strongly influenced by the fact that full disclosure would have indicated value in excess of the statutory exemption limits. The court noted that:

"By filing an incomplete form, the Paynes forestalled an inquiry they knew lay in store." *Id.*

In the case at bar, full disclosure by the Debtor of the value claimed exempt would have presumably triggered an investigation by the Trustee of the Debtor's current support needs. As it was, the incomplete disclosure prompted the Trustee's request for more information, which was never forthcoming.

The Ninth Circuit Bankruptcy Appellate Panel confronted a similarly less-than-forthright exemption claim in *In re Andermahr,* 30 B.R. 532 (9th Cir.BAP 1983). There the debtor elected the federal exemption system, claiming certain specific assets exempt. As the value of these items did not exhaust the aggregate exemptions available under Section 522(d), debtor attributed the excess $3250.00 to "other assets of petitioner." After the trustee received a post-petition tax refund on behalf of the estate, debtor filed a turnover motion, claiming the refund as exempt under this catch-all category. The bankruptcy court held that, because debtor should have known of his entitlement to a refund, he should have "specifically asked for the exemption." Holding that "the trial court properly rejected the non-specific claim of exemption," the Panel stated that:

"[T]he practicalities of bankruptcy administration require that the trustee be advised of the precise items of property in the estate, 11 U.S.C. § 541(a), that the debtor elects to withdraw from the estate. The trustee needs this information in order to judge the validity of the exemption claim and to know what property remains in the estate for purposes of liquidation." *Id.* at 533.

The Panel sent the case back to the trial court to allow the debtor to amend his schedules to list his claimed exemptions with specificity, and to allow the trustee to file an objection to the amended exemptions.

Neither *Payne* nor *Andermahr* involved a total failure to specify any value for the claimed exemption. However, both stand for the proposition that incomplete or misleading exemption claims are invalid. The trustee and creditors are entitled to fair and complete disclosure of exemption claims; they are not required to guess as to what property is to be exempted. Doubts about the amount or items covered by an exemption claim must be clarified by the debtor, on the theory that the debtor is in the best position to know the assets of the estate.

In the case at bar, putting down "unknown" as the amount of the alimony and support exemption was the functional equivalent of leaving a blank under the value column on Schedule B–4. It is true that Debtor did not hide the property in question; she scheduled the alimony and support claim as an asset valued at $120,-000.00. But only the Debtor can know how much she asserts is "reasonably necessary" for her support. The Trustee cannot derive that amount from the information

disclosed on the schedules and statement of affairs. Debtor's exemption claim is incomplete.

■ Debtor argues that the omission is not material. She seeks to be excused from quantifying her claim on the theory that, regardless of amount, all alimony or support qualifies as exempt. Her argument is directly contrary to the language of the relevant exemption provision, however. The alimony and support exemption is expressly limited to the amount that is "reasonably necessary" for debtor's support. Although this Court could not locate any reported decisions interpreting this phrase, to hold that *all* alimony is exempt would render this statutory language a nullity, thereby violating the "cardinal principle" of statutory construction that statutes must be construed to give effect to each and every word or phrase, if possible. *See, e.g., United States v. Menasche*, 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955).

## II. *The Trustee's Failure to File an Objection Within 30 Days Does Not Bar This Motion.*

■ Debtor also argues that the trustee is time-barred from objecting to the claim of exemption. The time limit for objecting to exemptions is set forth in Bankruptcy Rule 4003(b):

"The Trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court."

Given this Court's determination that the Debtor has failed adequately to describe the exemption claim in issue, the Debtor must amend her schedules to specify the amount of alimony and support claimed as exempt, if she wants that exemption to be effective. Once she has filed appropriate amended schedules, the Trustee will then have 30 days within which to file a formal objection under Bankruptcy Rule 4003(b).

■■ Alternatively, even if the Debtor's original claim of exemption were to be deemed to have been legally sufficient, the Trustee is not objecting to the availability of the support exemption, but rather seeking a determination of the value, *i.e.,* the amount "reasonably necessary" for debtor's support. The Ninth Circuit Bankruptcy Appellate Panel recently held that only "an objection to the existence of an exemption" needs to be filed within the 30–day time limit of Bankruptcy Rule 4003(b). An objection to the *valuation* of the property in which the debtor claims an exemption does not need to be determined with such expediency. *In re Hyman*, 123 B.R. 342, 348 (9th Cir.BAP 1991).

## III. *Fresh Start vs. Head Start*

Section 522 protects the debtor's exemptions—and thus his or her fresh start—by permitting the debtor to retain certain property from the estate. While the Code's exemption provisions are to be construed liberally to effectuate the debtor's fresh start, the Code did not envision giving the debtor a head start. *See, e.g., In re DeVries*, 76 B.R. 917 (Bankr.N.D.N.Y. 1987).

■ To decide what exemption amount is "reasonably necessary" for Debtor's support will require this Court to consider the debtor's current and potential future income and expenses, and to determine what portion of the arrearages should be available to the debtor to supplement her income. An evidentiary hearing may be necessary. In this case, Debtor is still supposed to be receiving monthly current alimony—although no longer any child support—as set by the state court based upon her needs and the current ability of her former husband to pay. The history of this matter establishes, however, that she has never been able to rely on receipt of timely payments from him. This case is a dramatic example of the heavy economic penalty of divorce: the wife driven into bankruptcy by the husband's failure to pay support, with the husband declaring bankruptcy in part to try to get out from under the arrearage claims.

If Debtor seeks to exempt $10,000 or $20,000 of arrearages due her, the Trustee probably would not object to the exemption, as he might presume she could establish that she needed such a modest amount for her support. If she claims the entire $120,000 in arrearages as exempt, on the other hand, the Trustee may well object to test whether she can prove a need for that much, in view of the creditors' competing interests.

If the alimony arrears had been paid on a timely basis, the Debtor presumably would have used this money to pay for her pre-petition living expenses. The claims reflected on her schedules could have been paid in the ordinary course, and would not have accumulated unpaid, for the total amount of A–3 scheduled claims is $124,687.95, almost exactly the $120,000.00 in alimony and support arrearages. Should the Court allow the entire amount to be exempt, as the Debtor urges, it would amount to a windfall for Debtor which would put her in a better position than if her ex-husband had paid the alimony on a timely basis in the first place. Such a result, in essence, would give Debtor a "head start" rather than a "fresh start" as envisioned by the Code.

 The determination by the bankruptcy court in evaluating an alimony and support exemption does not involve relitigation of the propriety of the original state court order. It will *not* effectuate a retroactive modification of the alimony arrearage obligation as between the ex-spouses. Rather, the bankruptcy issue is whether the arrearage payment should be made to the ex-spouse or to her creditors. It is well settled under California law that alimony modification between spouses can only be prospective, and only when the paying spouse seeks modification of the alimony payments. *Merritt v. Merritt,* 220 Cal. 85, 29 P.2d 190 (1934), *Triest v. Triest,* 67 Cal.App.2d 320, 154 P.2d 2 (1944); *Moore v. Moore,* 133 Cal.App.2d 56, 283 P.2d 338 (1955). No retroactive modification can be made to reduce accrued obligations owed by the payor ex-spouse. See *Keck v. Keck,* 219 Cal. 316, 26 P.2d 300 (1933); *Zaragoza v. Zaragoza,* 48 Cal.App.2d 27, 119 P.2d 162 (1941). Here, the claimed amount of arrearages due from Mr. Stokes, Debtor's ex-husband, will not be changed, but only the payee on that check. Whether changing the payee from the ex-wife to the trustee affects the dischargeability of the support arrearage in Mr. Stokes' own bankruptcy case is not properly before this Court, but instead may be an issue in his case.

## CONCLUSION

Without sufficient specificity, the Court cannot determine whether the alimony and support arrearages here qualify for exemption as "reasonably necessary for debtor's support." Therefore, the Debtor must file an amended Schedule B–4 stating a value for her claimed exemption of alimony. The Trustee will have 30 days within which to object to the amended exemption. An order to that effect is being entered herewith. Should the Debtor fail to file an amended Schedule B–4 within 30 days of the entry of this order, the claimed exemption shall be deemed invalid and of no effect. The Trustee would then be entitled to enforce the full arrearage claim against the ex-husband to the extent possible in light of his own bankruptcy filing.