In re RUSSELL, Neil and Russell, Mary E., Debtors.

Bankruptcy No. 93–01880–7.

United States Bankruptcy Court, D. Idaho.

Jan. 7, 1994.

Richard L. Alban, Boise, ID, for debtors.

D. Blair Clark, Ringert Clark Chartered, Boise, ID, for trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The chapter 7 trustee has filed the present motion to require Neil and Mary Russell (collectively, "debtors") to turn over to the trustee a parcel of real property. The debt-

ors maintain the property is subject to an exemption.

Debtor Mary Russell[1] was previously married to Steven B. Mortensen ("Mortensen"). Mary Russell and Mortensen obtained a divorce, and Mary Russell was awarded child support. Mortensen made only token payments of such support until approximately $15,000.00 in back child support and unpaid medical charges was due as of January, 1993. Mortensen possessed no substantial assets other than an undeveloped piece of real property in Canyon County worth approximately $13,000.00. Mary Russell agreed to accept this property in full settlement of all back due child support payments, and the property was transferred to her on January 4, 1993.

The debtors filed their chapter 7 petition on June 28, 1993. The debtors allege the property is exempt as property for support under I.C. § 11–604(1)(b). The trustee contends the clear language of the statute excludes real property from this exemption, and argues the property is property of the estate.

Section 11–604 provides, in its pertinent part:

(1) An individual is entitled to exemption of the following property to the extent reasonably necessary for the support of him and his dependents:

    \*    \*    \*    \*    \*    \*

(b) money or personal property received, and rights to receive money or personal property for alimony, support, or separate maintenance; . . . .

I.C. § 11–604(1)(b).

Because the property received by debtor Mary Russell for child support was real property, the trustee contends it is not exempt. The essence of the trustee's argument is that the specification of "money" and "personal property" as exempt in the statute excludes real property by implication. No Idaho cases appear to have discussed the issue.

■ It is concluded, however, the property is not exempt under 11–604, because it is not "reasonably necessary for the support" of the debtor's dependents. Section 11–604 defines "property to the extent reasonably necessary for the support of him and his dependents" to mean "property required to meet the *present* and *anticipated* needs of the individual and his dependents." I.C. § 11–604(2) (emphasis added). The transfer of the real property to Mary Russell was in satisfaction of past due child support, not present or future child support. In the present case the debtors held the real property for nearly six months before filing their chapter 7 petition; if the debtors had needed the funds for present or future needs, they would have converted the property, in some manner, for funds to use for support. Otherwise the asset is nothing more than reimbursement to the debtors for funds already expended for the support of the children. Reimbursement of the debtors for money expended to make up for unpaid child support is not a present or anticipated need, and the property is therefore not exempt.

This result is in accord with the equitable principles underlying bankruptcy. A debtor with a limited income who is owed, but does not receive, child support, has to apportion the income among various obligations. One set of those obligations are the present, necessary needs of the children. The debtor will either pay such creditors out of his or her own pocket, or will obtain credit. If the debtor pays for such needs out of his or her own funds, the debtor will not have those assets to satisfy other creditors. Because the unpaid debts will be discharged in bankruptcy, these creditors who receive less ultimately bear the burden of the missing child support payments.

Similarly, if the debtor obtains necessities for the children through an extension of credit, the creditor does not receive payment. The debt will be discharged in bankruptcy, and those creditors who extended credit will again bear the ultimate burden of the missing child support payments.

Any other result would create the opportunity for fraud. A debtor receiving child sup-

1. During this marriage, Mary Russell was named Mary Mortensen. To minimize confusion, this order will refer to Mary Russell by her current name throughout.

586

port could immediately deposit each monthly payment in a segregated savings account, and pay for the children's needs out of his or her own pocket. On filing a petition for relief under the Bankruptcy laws, the debtor could claim the entire savings account as exempt, regardless of its size. The debtor would have been permitted to exchange his or her nonexempt assets for assets subject to an unlimited exemption, at the expense of the creditors. From an economic perspective, this is no different from the present situation of the debtors.

■ The trustee's argument, however, is rejected to the extent it suggests real property would never be exempt under section 11–604(1)(b). Where the underlying right is a right to payment of money, real property transferred in satisfaction of future child support obligations would be exempt where the property was to be sold and the proceeds used to pay the children's obligations. The underlying purpose and intent of section 11–604 strongly suggests the omission of "real property" from the statute was not to penalize debtors forced to accept real property in lieu of support payments because the obligor lacked liquid assets. Again, however, such a debtor cannot preserve the exemption in the real property or proceeds by paying for the children's needs from his or her personal assets; the exemption is only for present and future needs, not past needs.

Therefore the trustee's motion for turnover of assets is granted and the debtors' claim of exemption is denied.

A separate order will be entered.