**In re Ann M. DAVIS, Debtor.**

**Bankruptcy No. 93–55206.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

May 6, 1994.

Wesley C. Emerson, Columbus, OH, for debtors.

Frank M. Pees, Worthington, OH, Trustee.

### OPINION AND ORDER ON CONFIRMATION OF PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the debtor's request for confirmation of her chapter 13 plan and the Court's duty to find that all requirements for confirmation have been met. 11 U.S.C. § 1325(a). The issue specifically before the Court at this time is whether the debtor's plan, as proposed, meets the test imposed by § 1325(a)(4).

Ann M. Davis ("Debtor") filed a voluntary petition under Chapter 13 of 11 United States Code on August 24, 1993. Her plan, as proposed, provides for payments of $354 each month to the chapter 13 trustee ("Trustee") to repay secured and priority unsecured claims in full and to provide a dividend of twelve per cent (12%) to all allowed unsecured claims.

On the Debtor's schedule of personal property is an obligation of $3,400 from her ex-husband for child support arrearages. The issue for decision is whether the dividend of twelve percent (12%) proposed for unsecured claimants returns as much to those claimants

as they would receive if this case were administered under chapter 7 of the Bankruptcy Code. This requirement is known as the "best interest of creditors" test.

The Debtor claimed the child support arrearages as exempt from her bankruptcy estate pursuant to Ohio Revised Code § 2329.-66(A)(11) (Anderson's 1992). Neither the Trustee nor any party in interest has objected to confirmation on any ground which challenges that claim of exemption for the child support arrearages and the Trustee has recommended confirmation of the plan. At the request of the Court, Debtor's counsel filed a post-hearing memorandum in support of the claimed exemption.

■ Ohio law provides that the statutory duty of parents to provide support for their minor children may be allocated between the parents pursuant to a separation agreement approved by a state court, usually in a dissolution decree, or imposed by a divorce decree. Ohio Rev.Code § 3109.05(A). Failure of one parent to pay that allocated child support gives rise to a private right of action by the custodial parent for contempt. Such nonpayment also gives rise to a right to obtain a judgment for the unpaid arrearages. Ohio Rev.Code § 3109.05(C). It is the injured party's right to seek or execute on that judgment that becomes part of his or her bankruptcy estate under § 541 of the Bankruptcy Code.

Courts are divided as to whether a debtor may claim an exemption from the bankruptcy estate, and, therefore, from the claims of creditors in the bankruptcy case, for those child support arrearages. Any such exemption would be governed by Ohio Revised Code § 2329.66(A)(11), made applicable to Ohio bankruptcy debtors through 11 U.S.C. § 522(b)(2)(A). That statute states:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

.    .    .    .    .

(11) The person's right to receive spousal support, child support, an allowance or other maintenance to the extent reasonably necessary for the support of the person and any of his dependents.

Ohio Rev.Code § 2329.66(A)(11).

At least three unreported cases in this district have concluded that child support arrearages are not included within the purview of "child support" as that phrase is used in the Ohio exemption statute. See In re Harris, No. 2–80–00761, slip op. (Bankr. S.D.Ohio May 26, 1981), In re Walker, No. 2–80–03195, slip op. (Bankr.S.D.Ohio Feb. 6, 1984), and In re Langley, No. 2–92–05472, slip op. (Bankr.S.D.Ohio 1992). These cases conclude that by not including the word "arrearages" in the exemption statute, the Ohio legislature specifically meant to exclude arrearages from the meaning of "child support." Therefore, "right to receive" means only the right to receive future payments and not the right to receive past payments.

This Court, however, is persuaded by the rationale set forth in In re Ross, 128 B.R. 785 (Bankr.C.D.Cal.1991). The Ross court, in interpreting the California exemption statute which mirrors the federal exemption for child support set forth in 11 United States Code § 522(d)(10)(D), concluded that both statutes permit an exemption for child support to the extent reasonably necessary for support, whether such support is in arrears or not yet payable. Such exemption, however, is expressly limited to the amount "reasonably necessary" for support. Ross, 128 B.R. at 789. The Ross court further found that holding all the support to be exempt without reference to factual circumstances would render the statutory language a "nullity." Ross 128 B.R. at 789.

This Court finds that the phrase "right to receive," as expressed in Ohio Revised Code § 2329.66(A)(11), includes payments previously ordered, but not yet due, as well as payments due, but unpaid as of the date of the bankruptcy filing. Because the parent to whom the arrearage is owed has a first responsibility to use the arrearages for the benefit of the child, the arrearages may be held exempt from the claims of creditors to the extent such usage is reasonably necessary for support. Determination of that amount is a factual issue which, when properly before the Court, requires an evidentiary hearing.

■ This analysis and determination is important for a debtor in chapter 13 because

the plan must satisfy the "best interest of creditors" test set forth in 11 U.S.C. § 1325(a)(4) before it can be confirmed. That test requires that the chapter 13 plan return to unsecured claimants at least as much as those claimants would receive had the debtor filed a liquidation bankruptcy under chapter 7 of the Bankruptcy Code. The quantum of any claim of exemption is relevant to that test.

Although chapter 13 debtors routinely assert exemption claims in the schedules which accompany their bankruptcy filings, such claims are evaluated somewhat more informally than in a chapter 7 setting. That informality is appropriate because the purpose of the process is to analyze the proposed plan payments in light of the "best interest of creditors" test rather than to determine which specific assets must be liquidated.

Despite the customary informality of the exemption process in chapter 13 cases and the fact that the assertion of exemption claims in that context does not bind creditors or a chapter 7 trustee if the case converts to chapter 7, this Court concludes that a more formalized procedure may be necessary for the chapter 13 confirmation process. If the debtor is unwilling voluntarily to amend a plan to accommodate an expressed objection to a claimed exemption, creditors or the Trustee must object to confirmation and raise the exemption issue formally in order to call into question satisfaction of the best interest of creditors test as part of the confirmation process. If no such timely objection is filed, the exemption will stand, as asserted by the debtor, for the limited purpose of the "best interest of creditors" test required for confirmation by 11 U.S.C. § 1325(a)(4). *Cf., Taylor v. Freeland & Kronz,* — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

Based on the foregoing, the Court finds that this Debtor's right to payment of past-due child support is part of her bankruptcy estate. The Court further finds that the Debtor may properly assert a claim of exemption for such child support arrearages pursuant to Ohio Revised Code § 2329.-66(A)(11). Finally, the Court finds that an objection to confirmation was not filed which

challenged the amount of such arrearages claimed as exempt by the Debtor for purposes of confirmation. Accordingly, the plan proposed by the debtor is deemed to satisfy the test of 11 U.S.C. § 1325(a)(4) as it relates to the arrearages and will be confirmed.