In re Janice Collene HARBOUR, Debtor.

Bankruptcy No. 97–56464.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 25, 1998.

Sara J. Daneman, Sara J. Daneman & Associates, Gahanna, OH, Chapter 7 Trustee.

Samuel L. Calig, Calig & Handelman, LPA, Columbus, OH, for Debtor.

### OPINION AND ORDER DETERMINING CHILD SUPPORT ARREARAGE TO BE PROPERTY OF ESTATE AND HOLDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION IN ABEYANCE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of Sara J. Daneman, the chapter 7 trustee, to the debtor's claim of exemption for child support. The debtor, Janice Collene Harbour, opposed the trustee's objection, and the matter was heard by the Court on May 19, 1998. Following this hearing, the parties filed memoranda of law in support of their positions. The final memorandum was filed July 13, 1998, and the matter is now ready for decision.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and the general order of reference previously entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

The debtor is the mother of a minor child, Anna Collene Harbour, born on August 16, 1995. She initiated a paternity action on September 13, 1995, against the putative father. Along with a determination of paternity, the debtor sought reimbursement of expenses related to her pregnancy and childbirth and an award of child support from the date her child was born. The paternity action is still pending in the Franklin County Juvenile Court, and the trustee has been permitted to intervene in that action as the real party in interest as to any prepetition child support to be awarded.

On July 17, 1997, the debtor filed a petition for relief under chapter 7 of the Bankruptcy Code. Although she failed to disclose the existence of the paternity action on her bankruptcy schedules, she revealed it at her 341 meeting of creditors. The debtor subsequently amended her personal property schedule to add the child support to which she may be entitled as a result of the paternity suit. She then claimed maximum exemptions in the child support under Ohio Rev.Code § 2329.66(A)(4), (A)(11), and (A)(18).

The trustee objected to the debtor's claim of exemption on the grounds that the debtor had already used up her exemptions under § 2329.66(A)(4) and (18), and that she could not exempt child support arrearages at all under (A)(11), or at least to the extent the arrearages are not reasonably necessary for support. In response to the trustee's objection, the debtor clarified that she is claiming the entire $800 exemptions under § 2329.66(A)(4) and (18) for the child support. She also maintained that any arrearages should also be exempt because of the substantial funds, including attorney's fees, she has expended in her paternity action. In addition, she raised for the first time her argument that the child support arrearages are not property of the bankruptcy estate.

This Court previously has ruled that a debtor's right to obtain a judgment for unpaid arrearages arising from a child support order is property of her bankruptcy estate. *In re Davis,* 167 B.R. 104, 106 (Bankr. S.D.Ohio 1994). Although *Davis* was a chapter 13 case decided in the context of a support order rendered under Ohio Rev.Code § 3109.05(a), the Court sees no reason not to apply that holding to this chapter 7 case where the debtor had a right to obtain a judgment for support under Ohio Rev.Code § 3111.13 at the time she filed her petition and to enforce any such judgment under § 3111.15.

Notwithstanding this Court's prior decision in *Davis,* the debtor argues that the more enlightened trend among states other than Ohio is to determine that back child support is not property of the debtor-parent's bankruptcy estate but is a chose in action belonging to the child. For this proposition, she cites *In re Welch,* 31 B.R. 537 (Bankr.D.Kan. 1983); *Zimmerman v. Starnes (In re Fields),* 35 B.R. 1018 (D.Col.1984); *In re Gardner,* 243 F.Supp. 258 (D.Or.1965); *Reed v. Prettyman (In re Prettyman),* 117 B.R. 503 (Bankr.W.D.Mo.1990); and *In re Anders,* 151 B.R. 543 (Bankr.D.Nev.1993). All of these cases were decided prior to this Court's decision in *Davis.*

The debtor also suggests that Ohio now appears to be headed in the same direction as these other states with respect to the ownership of child support arrearages. She points to the decision in *Janowiecki v. Lucas Cty Child Support Enforcement Agency (In re Estate of Antkowiak),* 95 Ohio App.3d 546, 642 N.E.2d 1154 (Ohio Ct.App.6th Dist.Lucas County 1994), in which the court held that the right to collect child support arrearages passes directly to the emancipated child upon the death of the custodial parent.

*Antkowiak,* however, represents a narrow exception to the rebuttable presumption found in *Connin v. Bailey,* 15 Ohio St.3d 34, 472 N.E.2d 328 (Ohio 1984) and *Miller v. Miller,* 73 Ohio App.3d 721, 598 N.E.2d 167 (Ohio Ct.App.4th Dist.Jackson County 1991), that the monies being sought in a child support collection action are those which had been advanced by the custodial parent for the benefit of the child. The appeals court in *Antkowiak,* in fact, stated that even after the child reaches majority, a former custodial parent's claim for child support arrearages remains superior to all others given this presumption. 642 N.E.2d at 1158. That court merely established a corollary presumption applicable "only in cases where the custodial parent has died and only when there is an emancipated beneficiary." *Id.* at 1159.

■ Because the debtor, who is the custodial parent, is living and her child has not reached majority, *Antkowiak* offers no support for the debtor's position. Therefore, the Court reaffirms its holding in *Davis* and determines that any child support ultimately ordered that is attributable to the period after the child's birth and before the date of the debtor's chapter 7 petition is property of her bankruptcy estate.

Having found the child support arrearages are property of the estate, the Court must consider whether the debtor may exempt all or part of these arrearages. The debtor is apparently utilizing the full $800 exemptions permitted by Ohio Rev.Code § 2329.66(A)(4)(a) and (18) for the prepetition child support arrearages and is no longer claiming the right to exempt any other property under these provisions. Therefore, the remaining question involves the debtor's right to exempt any prepetition child support arrearages in excess of $800 under § 2329.66(A)(11).

This Court has previously determined that "the right to receive ... child support" exempted by (A)(11) encompasses not only the right to receive future payments, but also the right to receive past payments. *Davis*, 167 B.R. at 106. This exemption, however, is expressly limited to the amount "reasonably necessary" for support. *Id.*

Although considerable evidence was presented at the hearing with respect to the debtor's financial circumstances, there has been no determination of paternity or any award of support by the Franklin County Juvenile Court. Without a specific amount, the Court is hard-pressed to determine whether all or part of that amount will be necessary for the child's support. Accordingly, the Court will hold the trustee's objection in abeyance until such time as a judgment for support is rendered. The trustee has been substituted as the real party in interest for purposes of prepetition arrearages in the state court action, and, thus, is in a position to notify this Court once the state court has made its determination.

Based on the foregoing, the Court finds that any prepetition support arrearages arising from a judgment for support of the debtor's child shall be part of the debtor's bankruptcy estate. The exemption issue shall be held in abeyance until the chapter 7 trustee notifies this Court that such a judgment for support has or has not been rendered by the state court.

**IT IS SO ORDERED.**