### In re Judy THURSTON, Debtor.

### No. 00–53881.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 16, 2000.

Joel R. Rovito, Gahanna, OH, for debtor.

Arnold S. White, Columbus, OH, Chapter 7 Trustee.

### *OPINION AND ORDER ON OBJECTION TO CLAIM OF EXEMPTION*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of the trustee in bankruptcy to a claim of exemption asserted by the debtor for her right to receive certain arrearages in spousal support.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(B).

The debtor was a signatory to a separation agreement which was incorporated into a decree of dissolution of marriage. That separation agreement provided for certain payments to the debtor from her ex-husband. Many of those payments were not made. The debtor and her counsel wish to collect those arrearages to help provide a cushion for her retirement and to pay certain nondischargeable tax debts. The state court determined the amount of arrearage for 1998 to be $14,046.20, but there are additional amounts owing for earlier and subsequent periods. Failure to receive this court-ordered support at a time when the debtor's earnings were much lower caused her to have to file bankruptcy.

This Court has previously determined that a debtor's right to seek a judgment or execute on a judgment for past due support payments is property of the bankruptcy estate. *See In re Davis,* 167 B.R. 104, 106 (Bankr.S.D.Ohio 1994). In *Davis* the Court also determined that the language of Ohio's exemption statute, Ohio Revised Code § 2329.66(A)(11), made applicable to Ohio bankruptcy debtors through 11 U.S.C. § 522(b)(2)(A), applies also to arrearages in support payments. That exemption, however, is expressly limited to the extent reasonably necessary for the debtor's support. *Davis* at 106. *See also In re Harbour,* 227 B.R. 131, 133 (Bankr.S.D.Ohio 1998).

Evidence offered during the hearing on this matter failed to establish that the arrearage in spousal support owed to the debtor was necessary for her support. She is currently employed at an annual salary of $38,600. That income is sufficient to pay her current expenses although there is little surplus for emergencies or unexpected expenses. The debtor's two children are now emancipated and have been assisting her. She still retains her right to receive current spousal support as it is only the arrearage in her support payments that is at issue.

The debtor has not established that the arrearages owed to her for past due spousal support are reasonably necessary for her support. Accordingly, the trustee's objection to her claim of exemption for those arrearages is **SUSTAINED.** Hopefully the trustee will be able to collect these monies and pay as much of the priority tax debt as possible. Such a result would assist the debtor as well as her creditors.

**IT IS SO ORDERED.**