**In re Linnie Virginia EDWARDS, Debtor.**

No. 99–61320.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Oct. 4, 2000.

Todd G. Finneran, Columbus, OH, for Debtor.

Kenneth M. Richards, Columbus, OH, for William B. Logan, Jr., trustee.

Arnold S. White, Columbus, OH, for trustees.

## ORDER ON OBJECTION TO CLAIMS OF EXEMPTION

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matter is before the Court on the Objection to Claims of Exemption filed by William B. Logan, Jr., Chapter 7 Trustee ("the Trustee") in this bankruptcy case. Of relevance to this Order is the objection to the claim of exemption in child support arrearages pursuant to O.R.C. § 2329.66(A)(11).

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### I. Findings of Fact

Linnie Virginia Edwards ("Debtor") filed her petition for relief under Chapter 7 of the Bankruptcy Code on December 14, 1999. At the time of filing, Debtor was a 34–year old single mother of nine children between the ages of 6 and 17. Debtor received food stamps and public assistance for the three years prior to the filing of her bankruptcy case, and earned less than $8,000 annually in each of those years.

As of the date of her Chapter 7 filing, Debtor was owed approximately $100,000.00 in past due child support payments. In her Chapter 7 bankruptcy schedules, Debtor disclosed the child support arrearage and claimed the entire amount exempt pursuant to O.R.C. § 2329.66(A)(11). The Trustee asserts that the claim of exemption in child support arrearages should be denied in its entirety, or in the alternative, should only be allowed to the extent reasonably necessary for the support of Debtor and her dependents.

### II. Conclusions of Law

O.R.C. § 2329.66 sets forth a list of exemptions available in the State of Ohio, which is relevant for these proceedings based on the fact that Ohio "opted out" of the federal exemption scheme. O.R.C. § 2329.66 provides, in relevant part for this matter, as follows:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

. . .

(11) The person's right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents . . .

The Trustee argues that the plain language of O.R.C. § 2329.66(A)(11), and the prior decisions of the United States Bankruptcy Court for the Southern District of Ohio, indicate that child support arrearages are not subject to any exemption. The statutory language contains no reference to "arrearages", nor does it contain any specific limitation on whether child support arrearages are subject to the exemption. The Trustee cites the unreported decision of *In re Harris*, Case No. 2–80–00761 (Bankr.S.D. Ohio 1981 J. Pettigrew) in support of his argument. In *Harris*, the court held that child support arrearages are not subject to an exemption. However, *Harris* is not binding precedent on this Court, and the more reasoned cases regarding child support arrearages are *In re Davis*, 167 B.R. 104 (Bankr.S.D.Ohio 1994), and *In re Harbour*, 227 B.R. 131 (Bankr.S.D.Ohio 1998). Both *Davis* and *Harbour* found that child support arrearages are subject to an exemption under O.R.C. § 2329.66(A)(11), but the exemption is limited to the extent reasonably necessary to support the debtor and his or her dependents.

In *Davis*, the court had debtor's Chapter 13 plan of reorganization under consideration, and specifically was analyzing whether the plan met the "best interest of creditors' test" set forth in 11 U.S.C.

§ 1325(a)(4). As part of that analysis, the court was required to determine the propriety of the exemptions claimed by the debtor, including $3,400.00 from her ex-husband for child support arrearages. While there were no objections to this claim of exemption, the *Davis* court requested a brief from counsel for the debtor in support of the claimed exemption.

In analyzing O.R.C. § 2329.66(A)(11), the *Davis* court found the phrase "right to receive" to include:

> payments previously ordered, but not yet due, as well as payments due, but unpaid as of the date of the bankruptcy filing. Because the parent to whom the arrearage is owed has a first responsibility to use the arrearages for the benefit of the child, the arrearages may be held exempt from the claims of creditors to the extent such usage is reasonably necessary for support. Determination of that amount is a factual issue which, when properly before the Court, requires an evidentiary hearing.

*Davis,* 167 B.R. at 106.

In *Harbour,* the court was presented with a Chapter 7 trustee's objection to the debtor's claim of exemption for child support arrearages. The *Harbour* court found the child support arrearages to constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 541, and subject to an exemption limited to the amount reasonably necessary for the support of the debtor and his or her dependents pursuant to O.R.C. § 2329.66(A)(11).

This Court is persuaded by the rulings in *Davis* and *Harbour,* and finds that O.R.C. § 2329.66(A)(11) allows for an exemption in child support arrearages, but limited to the extent reasonably necessary for the support of the debtor and his or her dependents. Such a finding is necessary to provide the debtor a "fresh start" without improperly creating a "head start." *In re Ross,* 128 B.R. 785, 789 (Bankr.C.D.Cal.1991)(child support arrearages were subject to an exemption limited to the amount reasonably necessary for

the support of debtor and her dependents to create a "fresh start," not a "head start").

The Court finds that Debtor's claim of exemption in child support arrearages is allowed under O.R.C. § 2329.66(A)(11), but limited to the extent reasonably necessary for the support of Debtor and her dependents. Within thirty (30) days of entry of this Order, Debtor is directed to submit an affidavit detailing the extent to which the child support arrearages are necessary for such support. Thereafter, the Trustee will have fifteen (15) days to challenge the affidavit submitted by Debtor, and the Court will then render a supplemental ruling indicating the extent to which the child support claim shall be deemed exempt pursuant to O.R.C. § 2329.66(A)(11), or will set a further hearing if deemed necessary.

Finally, the Court has reviewed the Motion To Submit A Brief *Amicus Curiae* filed by Arnold S. White. Because the Court finds this matter to have been adequately briefed by competent counsel, there is no need to review an additional brief, and the Motion of Arnold S. White is DENIED.

IT IS SO ORDERED.