**In re Dawndi Lee DUEMEY.**

No. 05–67425.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 14, 2006.

Michael T. Gunner, Hilliard, OH, for Dawndi Lee Duemey.

### MEMORANDUM OPINION ON OBJECTION TO DEBTOR'S EXEMPTION

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for evidentiary hearing on January 6, 2006, upon Trustee's Objection to Debtor's Exemption (Doc. 8) and Debtor's Response to Trustee's Objection to Exemption (Doc. 11). Present at the hearing were Christal Caudill as Chapter 7 Trustee ("Trustee") and Michael Gunner representing Dawndi Lee Duemey ("Debtor").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District. This is a core matter pursuant to 28 U.S.C § 157(b)(2)(A), (B) and (O).

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to this matter are without serious dispute and may be summarized as follows: The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 20, 2005. The Debtor disclosed her personal property on Schedule B, which included, *inter alia,* a 2000 Ford Mustang ("Vehicle") having a value of $4800. The Debtor claimed the Vehicle exempt, utilizing four exemption provisions of the Ohio Revised Code, as follows: 1) to the extent of $1,000, pursuant to O.R.C.

§ 2329.66(A)(2), which authorizes exemption of one motor vehicle not to exceed $1,000; 2) to the extent of $221, pursuant to O.R.C. § 2329.66(A)(4)(a), which authorizes exemption of money or cash on hand in an amount not to exceed $400; 3) to the extent of $400, pursuant to § 2329.66(A)(18), which authorizes exemption of any property not to exceed $400 (often called the "wildcard exemption"); and 4) to the extent of $3179, pursuant to O.R.C. § 2329.66(A)(11), which authorizes exemption the right to receive spousal support, child support or other maintenance. The Trustee objected to the Debtor claiming two exemptions in her Vehicle: 1) her right to receive support; and 2) money or cash on hand in an amount not to exceed $400.[1]

Prior to filing a voluntary petition under chapter 7, the Debtor was a party to a domestic relations proceeding in state court involving the liquidation of child support arrearages that were owed to her. The state court entered a Judgment Entry dated February 3, 2005, wherein the court found that, pursuant to the agreement of the parties, the Debtor's former husband had liquidated his pre-existing child support arrearage by purchasing an automobile for Debtor, titled in her name. The subject Vehicle in which the Debtor has claimed exemptions in this chapter 7 case is the same automobile the Debtor received pursuant to the state court judgment entry acknowledging payment of the child support arrearage claim.

## II. DISCUSSION

■ Pursuant to Section 522(b) of the Bankruptcy Code, an individual debtor may exempt specific property from the bankruptcy estate. In addition, individual states may elect to "opt-out" or not authorize their citizens to assert the federal exemptions delineated in Section 522(d) of the Bankruptcy Code. See 11 U.S.C. § 522(b)(1). Pursuant to O.R.C. § 2329.662, the state of Ohio has elected to prohibit use of the federal exemption scheme by Ohio residents. Accordingly, a debtor who is domiciled in the state of Ohio is limited to electing exemptions enumerated in O.R.C. § 2329.66.

As stated previously, the Debtor in this case claimed in her Vehicle partially exempt pursuant to O.R.C § 2329.66(A)(11). That section of the Ohio Revised Code provides as follows:

(A) Every Person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(11) The person's right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents;

. . .

Ohio Rev.Code § 2329.66(A)(11). The Trustee argues that O.R.C. § 2329.66(A)(11) pertaining to an exemption of a person's right to receive child support, an allowance, or other maintenance has no application to a motor vehicle. The Debtor, however, argues that the exemption claimed pursuant to O.R.C. § 2329.66(A)(11) is permissible because the Vehicle was purchased for her as liquidation of child support arrearages owed to

---

1. The Debtor acknowledges in her responsive pleading that Ohio Revised Code § 2329.66(A)(4)(a) pertaining to an exemption of a person's interest in cash on hand, money due and payable not to exceed $400 is inapplicable to the subject Vehicle. Accordingly, the Court will only discuss whether Ohio Revised Code § 2329.66(A)(11) is a proper exemption in this case.

her. Neither the Trustee nor the Debtor provided the Court with any cases directly on point in this matter.

█ Courts interpreting O.R.C. § 2329.66(A)(11) have held that the phrase "right to receive" encompasses not only **the right to receive** future payments, but also **the right to receive** past due payments. *In re Edwards*, 255 B.R. 726, 728 (Bankr.S.D.Ohio 2000) (citing *In re Harbour*, 227 B.R. 131 (Bankr.S.D.Ohio 1998) and *In re Davis*, 167 B.R. 104, 106 (Bankr.S.D.Ohio 1994)). This exemption is limited by statute to the amount "reasonably necessary" for support. *See* O.R.C. § 2329.66(A)(11). As articulated by the *Davis* court, the phrase "right to receive," as contained in the Ohio statute, consists of "payments previously ordered, but not yet due, as well as payments due, but unpaid as of the date of the bankruptcy filing." *In re Davis*, 167 B.R. 104, 106 (Bankr.S.D.Ohio 1994). The phrase clearly contemplates an unmet obligation.

In the case at bar, the exemption in the Vehicle claimed by the Debtor is not proper because the Debtor the Vehicle does not constitute child support payments that are ordered, but not yet due or unpaid. The Debtor has instead claimed an exemption for child support in an automobile that was purchased for her as settlement of a child support arrearage claim. However, the obligation to pay child support has been met. There is no longer an unmet obligation; the Debtor no longer has a right to receive the child support arrearages which were liquidated with the purchase and delivery of the Vehicle to the Debtor. The

Judgment Entry issued by the state court encompassing the resolution of the debt owed to the Debtor for child support arrearage specifically states as follows:

> In consideration thereof, the Court finds that the Plaintiff [Dawndi Lee Duemey] has agreed that the Defendant [Scott J. Hull] has completely liquidated his child support obligation to her and she waives any further right to collect same. . . . [T]he Defendant [Scott J. Hull] is deemed to have fully paid his pre-existing child support arrearage and the Child Support Enforcement Agency shall adjust its records to reflect that the Defendant [Scott J. Hull] owes no additional child support in this case.

Doc. 11, Debtor's Response to Trustee's Objection, Ex. A. Thus, the child support obligation owed to the Debtor was paid or satisfied prior to the date of her filing bankruptcy. Accordingly, on the date the Debtor filed this bankruptcy case, she was not entitled to child support payments previously ordered, but not yet due, or payments due, but unpaid.

The Court was not able to find any Ohio cases addressing the issue of whether the exemption for the right to receive child support extends to personal property purchased by the child-support obligor for the child-support obligee in lieu of payments in the form of money. Notwithstanding, the case of *In re Russell*, 163 B.R. 584 (Bankr.D.Idaho 1994), provides some helpful analysis. The *Russell* court discussed and analyzed the breadth of the child support exemption as provided for by the State of Idaho.[2] Even though the lan-

---

**2.** The Idaho exemption provides as follows:

(1) An individual is entitled to exemption of the following property to the extent reasonably necessary for the support of him and his dependents:

(b) money or personal property received, and rights to receive money or personal

property for alimony, support, or separate maintenance;

. . .

I.C. § 11–604(1)(b). The exemption statute in Idaho specifically provides for the exemption of the right to receive and/or the receipt of personal property, whereas the exemption

guage contained in Idaho's exemption statute is notably much broader than Ohio's, the court's reasoning in *Russell* is still insightful. The *Russell* court determined that Chapter 7 debtors may not exempt real property transferred to the debtor in satisfaction of past due child support under an Idaho statute exempting money or personal property received for alimony, maintenance, or support. In *Russell*, the transfer of real property was in satisfaction of past due child support, not present or future child support, and was nothing more than reimbursement of funds already expended. *Id.* The court ultimately determined that the real property was not exempt because it was not reasonably necessary for the support of the debtor's dependents. *Id.* at 585. The Idaho statute defined "reasonably necessary" as being "property required to meet the *present* and *anticipated* needs of the individual and his dependents." *Id.* at 585 (quoting I.C. § 11–604(2)) (emphasis in original). Though the *Russell* case is distinguishable from the instant case on numerous points, the reasoning of the court in concluding the exemption was not allowable provides some guidance. The *Russell* court stated as follows:

> This result is in accord with the equitable principles underlying bankruptcy. A debtor with a limited income who is owed, but does not receive, child support, has to apportion the income among various obligations. One set of those obligations are the present, necessary needs of the children. The debtor will either pay such creditors out of his or her own pocket, or will obtain credit. If the debtor pays for such needs out of his or her own funds, the debtor will not have those assets to satisfy other credi-

tors. Because the unpaid debts will be discharged in bankruptcy, these creditors who receive less ultimately bear the burden of the missing child support payments.

> Similarly, if the debtor obtains necessities for the children through an extension of credit, the creditor does not receive payment. The debt will be discharged in bankruptcy, and those creditors who extended credit will again bear the ultimate burden of the missing child support payments.

> Any other result would create the opportunity for fraud. A debtor receiving child support could immediately deposit each monthly payment in a segregated savings account, and pay for the children's needs out of his or her own pocket. On filing a petition for relief under the Bankruptcy laws, the debtor could claim the entire savings account as exempt, regardless of its size. The debtor would have been permitted to exchange his or her non exempt assets for assets subject to an unlimited exemption, at the expense of the creditors. From an economic perspective, this is no different from the present situation of the debtors.

*Id.* This analysis is significant in the fact that the *Russell* court acknowledged that allowing the debtors to claim the exemption in the real property would likely create fertile ground for possible fraudulent activity.

If the Debtor's argument in the case at bar is carried to its logical end, a debtor in bankruptcy could ultimately create exemptions that otherwise are not contemplated by the exemption statute. For example, pursuant to the Ohio Revised Code, an individual is entitled to a $5,000 exemption

statute in Ohio simply exempts the right to receive child support and does not indicate

the form (i.e., money or personal property).

in his or her residence. *See* O.R.C. § 2329.66(A)(1)(b). What then would happen if a debtor received a lump-sum settlement for a child support arrearage claim in an amount of $6,000 and used the same as a down payment to purchase a residential home? Would the debtor then be entitled to an additional $6,000 exemption in his or her residence? This Court thinks not. If the Ohio Legislature had intended for Ohio Revised Code Section 2329.66(A)(11) to make any property purchased with support payments exempt from creditors, it would have so provided. The Ohio Legislature could have easily inserted language in the statute that would provide for the extension of the exemption to property purchased with the support payments or in lieu of making support payments, but it chose to not do so. The Debtor, in this case, essentially is arguing that if, at some point, certain funds qualify for an exemption, then any property purchased with those funds is also entitled to the exemption regardless of the form to which the funds have been converted. This Court, however, has determined that at some point the child support exemption cannot be extended to other property, especially if the support payments have changed significantly in character and form so as to constitute a completely different type of asset.

The United States Supreme Court enunciated a "qualities of moneys" test in *Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962) for determining the exempt status of disability benefits. In *Porter*, disability benefits were paid to an incompetent veteran and the same were deposited into a savings and loan account for his benefit. A judgment creditor attached the veteran's financial accounts, one of which was the savings and loan account containing the disability benefits. The Court had to determine the issue of whether benefits paid by the United States Veterans' Administration retain their exempt status after being deposited in a savings account. The Court held as follows:

> The Congress, we believe, intended that veterans in the safekeeping of their benefits should be able to utilize those normal modes adopted by the community for that purpose—provided the benefit funds, regardless of the technicalities of title and other formalities, are readily available as needed for support and maintenance, actually retain the qualities of moneys, **and have not been converted into permanent investments.**

*Id.* at 162, 82 S.Ct. 1231 (emphasis added). Though the *Porter* case did not involve a debtor claiming an exemption in a bankruptcy proceeding, the Supreme Court's process for determining when and if exempt funds lose their exempt status is particularly instructive in the instant case because the child support payment received by the Debtor (i.e., a vehicle) did not retain the qualities of moneys so as to entitle the Debtor to claim an exemption in it. Once the child-support obligor converted the funds or monies owed to Debtor into a permanent investment, the Vehicle, the child support exemption no longer applied. As stated earlier, to hold differently would open the door for exemptions being claimed beyond the scope of the statute as enacted or contemplated by the Ohio Legislature.

Based on the foregoing, the Court finds that the Court finds that the exemption claimed by Debtor in the Vehicle is not proper. The Trustee's objection to claim of exemptions must be sustained. A separate order will be entered consistent with the foregoing.

**IT IS SO ORDERED.**