A. B. HOGE et al. v. C. L. HOLLISTER.

CHANCERY PRACTICE. *Appointment of receiver pending appeal. Insolvent proceedings. Deed of trust. Homestead.* On bill filed to foreclose deed of trust for benefit of creditors, the mother of deceased and his wife filed a cross-bill for homestead. The deed was signed by husband and wife, but contained no words of conveyance by the *feme*. The chancellor, on final hearing, decreed a foreclosure of the trust, but allowed the homestead. Both parties appealed, and it appears that the property is not of sufficient value to pay the debts, but it will realize more than the homestead allowance, and that it cannot be divided, but must be sold as a whole: *Held*, that the order of the chancellor appointing a receiver after final decree settling the rights, and pending the appeal to the Supreme Court, was improper, and must be superseded.

FROM DAVIDSON.

Appeal from the Chancery Court. W. F. COOPER, Chancellor.

JNO. RUHM for complainant.

A. G. MERRITT for defendant.

McFARLAND, J., delivered the following opinion:

Application to supersede the order of the chancellor appointing a receiver, and directing him to take possession of the property.

The chancellor held that Mrs. Hollister was entitled to the benefit of the homestead exemption, but as the property was worth more than $1,000, and of such a character that the homestead could not be laid off, a sale was decreed, and $1,000 of the proceeds directed to be re-invested, in accordance with the statute, for the benefit of Mrs. Hollister and family, and subjecting the balance of the proceeds to the ·payment of the creditors. The creditors, desiring to test Mrs. Hollister's right to the exemption, proposed to appeal from ·so much of the decree as gave $1,000 of the proceeds of the sale for re-investment in a homestead, but without suspending or interfering with the sale.

The result of this, as it was seen, would be that Mrs. Hollister would be turned out of her homestead upon the confirmation of the sale, and would be deprived of that provision of the decree in her favor for the purchase of a new homestead until the determination of the case in the Supreme Court, which, owing to the crowded state of the docket, might be delayed two or three years. To avoid this result, she also appealed, which had the effect to suspend the entire decree.

In this attitude the chancellor appointed a receiver to take possession of the property pending the appeal, unless Hollister and wife would give bond and security to account for such part of the rents as might be adjudged to be rightfully going to the creditors.

It is assumed that a final decree in the chancery court, settling the rights of the applicant to the legal title, and to the possession of the realty, is sufficient to entitle him to the appointment of a receiver pending the appeal.

This may be conceded, that is, in determining the correctness of the chancellor's order appointing a receiver pending the appeal. It will be assumed for the time being that his previous decree settling the rights of the parties is correct, and under this rule there can be no doubt that if the property was so situated that a receiver could take possession of that part to which the right of homestead does not extend, and without depriving the occupants of their homestead, that could be no objection to it. But here the chancellor had decided that the occupants were entitled to the homestead occupation, that is, that they were entitled to live in and occupy the premises until they were sold, and when the purchaser was put in possession, the $1,000 of the proceeds should be re-invested for a new homestead.

Now, to appoint a receiver to take possession of the entire property pending the appeal, is giving to the creditors the benefit, not only of that part of the property which the chancellor had decided they were entitled to, but also giving the receiver possession of

the entire property, including the homestead to which he had decided Mrs. Hollister was entitled. It is true she might, in the end, be allowed her part of the rents, but she would, in the meantime, be deprived of the occupation of her homestead exemption, her right to which was settled by the decree. It is true, if this be not done, the creditors will have that part of the rents arising from that proportion of the property to which they are entitled. On the other hand, it is conceded to be the paramount object of the law to secure a continuous home for the family, and I do not see that it would be right to deprive them of this, even for a time, because, by not doing so, we would deprive the creditors of a part of the security for their debt, which, owing to the nature of the property, could not be realized without taking possession of the entire property.

If this order of the chancellor is suspended, the creditors will be deprived of a security which the chancellor has decided they are entitled to, but if the order is executed, the family will be deprived, for a time, of a homestead, which he has decided they are entitled to. I think they should not, assuming this decree to be correct, be dispossessed until the purchaser be put in possession, and then they would have the benefit of the re-investment. Nor do I think the fact that Mrs. Hollister has appealed alters the case. Although, by the decree, she got all she claimed, the creditors, however, proposed to have that part of the decree which was in their favor, that is, for a sale, immediately executed, but to suspend, by appeal, that

Hoge *v.* Hollister.

part which gave the $1,000 for re-investment, the result of which would be to dispossess the family of a homestead, and retain from them that part of the decree giving them the other homestead to which they were entitled.    In this view Mrs. Hollister says, if part of the decree is to be suspended then suspend it all, and appealed from the entire decree.

In this view I do not see that it can be justly said that the appeal is for delay in an objectionable sense.    The appeal is not so much to retain possession of that part belonging to creditors as it is to retain possession of that which the family are entitled to.    No fault can be attached to Mrs. Hollister for failing to give bond.    I think that the rights of the family to the occupation of a homestead to which by law they are entitled is, at least, equal to the rights of the creditor to the balance of the property, and the family should not be dispossessed and deprived, even for a time, of this right in order that the creditor may not lose his rights to the rents of the balance.    It is simply the misfortune of the creditors that the property is so situated that the rents cannot be separated and their part secured.    I think the order should be superseded.