In re Paul GRANZOW, Debtor.

No. 97–CV–70430–DT.
Bankruptcy No. 96–40686.

United States District Court,
E.D. Michigan,
Southern Division.

June 2, 1997.

Richard Page, Allen Park, MI, for appellant.

Daniel Beyer, Detroit, MI, for appellee.

*OPINION AND ORDER REVERSING BANKRUPTCY COURT'S GRANTING OF APPELLEE–CREDITOR'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN*

DUGGAN, District Judge.

This matter is before the Court on debtor's appeal from the Bankruptcy Court. The appellant-debtor ("debtor") filed a petition under Chapter 13 of the Bankruptcy Code ("Code") on January 18, 1996. Debtor proposed a Chapter 13 Plan ("Plan") in which he elected his state exemptions under 11 U.S.C. § 522 and designated two cash and securities accounts owned with his wife as tenants by entirety as exempt from inclusion in his bankruptcy estate. Appellee-creditor SelectCare ("creditor" or "SelectCare") objected to the confirmation of the Plan because it argued that these exemptions were not allowable exemptions and that if the exempt property were included in the bankruptcy estate, SelectCare would be entitled to full payment of its claim against debtor. The Bankruptcy Court agreed with the creditor and did not confirm debtor's Plan. The Bankruptcy Court ordered the confirmation of a plan which included in the estate one half of the value of the "exempt" accounts and allowed creditor SelectCare a full payment on its claim. Debtor seeks review of the Bankruptcy Court's ruling in this appeal.

**Background**

Debtor Paul Granzow suffered personal injuries as a result of an automobile accident on October 5, 1991. Debtor sought and obtained coverage for his medical expenses from both SelectCare, his health insurer, and Allstate Insurance Company, his no-fault automobile insurer. Debtor's Allstate policy provided uncoordinated coverage; however, debtor's SelectCare policy contained a coordination of benefits provision. In November 1994, SelectCare brought suit against debtor Granzow in Wayne County Circuit Court to recover the "double payment," the money it had paid for debtor's medical expenses.[1]

---

1. The amount of this "double payment" is in dispute. Creditor seeks repayment of $56,000, the total amount it paid for debtor's medical care. Debtor asserts that only $30,000 of his

As noted above, debtor filed a petition under Chapter 13 of the Code in January 1996. Debtor's Chapter 13 Plan provided $18,700 to be paid to SelectCare over a five year period. Under his Plan, debtor elected his state exemptions under 11 U.S.C. § 522 and exempted cash and stock in two accounts he owned with his wife as tenants by the entirety, relying upon M.C.L.A. §§ 557.151 and 600.6023. With these exemptions, only $17,000 would be available to SelectCare if debtor's assets were liquidated under Chapter 7.

The creditors examination (Section 341 meeting) was held on February 26, 1996. On March 29, 1996, thirty two days after the creditors examination, SelectCare filed its Objection to Confirmation. SelectCare opposed confirmation of debtor's Plan for two reasons. First, SelectCare argued, the debtor's Plan did not meet 11 U.S.C. § 1325(a)(4)'s requirement that the Plan provide for a distribution of property to SelectCare in an amount at least equal to that amount SelectCare would receive if the debtor's estate were liquidated in a Chapter 7 proceeding. SelectCare argued that the cash and stock accounts were improperly exempted by debtor as they were not owned as an entirety by the debtor and his wife. SelectCare contended that if this improperly exempted property were included in the bankruptcy estate, it could receive the total amount of its claim via liquidation, and, thus, must receive that amount under any Plan.

SelectCare also argued that debtor's Plan did not meet the § 1325(a)(3) requirement that it be proposed in good faith because, creditor argued, the debtor proposed to fund the Plan using less than 4% of his assets, debtor could easily repay creditor SelectCare, and SelectCare's claim against debtor is non-dischargeable under Chapter 7 because it is "money obtained by debtor by false pretenses, false representations and/or actual fraud." (Appellee's Reply Brief, pp. 3–4). See 11 U.S.C. § 523(a)(2)(A).

■ The Bankruptcy Court sustained SelectCare's Objection to Confirmation at the Confirmation Hearing, finding that although medical bills were paid by both Allstate and

the Objection to Confirmation was untimely filed, the delay was due to excusable neglect and the Objection could be considered by the court. The Bankruptcy Court found that the cash and stock accounts debtor's Plan excluded from his estate as exempt under state law were, in fact, not exempt and should have been included in the estate. Including this property in the bankruptcy estate rendered the payout to SelectCare under debtor's Plan inadequate under § 1325(a)(4). The Bankruptcy Court denied confirmation on this basis alone and did not reach the creditor's § 1325(a)(3) argument regarding good faith. The Bankruptcy Court denied the debtor's motion for reconsideration and entered the Order confirming a Plan which included half of the property debtor sought to exempt from his bankruptcy estate. Debtor argues on appeal that the Bankruptcy Court erred in considering the portion of the SelectCare's Objection to Confirmation pertaining to the debtor's claimed exemptions because the objection to debtor's claimed exemptions was strictly time-barred. This Court reviews the Bankruptcy Court's conclusions of law de novo. *In re Dunn*, 203 B.R. 414 (E.D.Mich. 1996).

## Discussion

Section 1325(a)(4) provides:

the court shall confirm a Plan if—

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. § 1325(a)(4). In its Objection to Confirmation, creditor SelectCare argued that the value of the property to be distributed under the Plan was less than that which would be paid out if the estate, including property which debtor had improperly claimed as exempt, were liquidated. Debtor argued at the confirmation hearing that creditor's objection was untimely. Counsel for SelectCare conceded that the objection was filed eleven days beyond the twenty-one day period allowed for filing objections to confir-

SelectCare.

mation, *see* Local Bankr.Rule 13.08, but that the untimely objection could be allowed under Bankruptcy Rule 9006(b)(1) because the delay was the result of excusable neglect. Fed.R.Bankr.P. 9006(b)(1).

The Bankruptcy Court, relying on the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Assoc.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 1494–95, 123 L.Ed.2d 74 (1993), agreed with creditor and allowed the untimely Objection to Confirmation. Debtor argues in his Brief on Appeal that Bankruptcy Rule 4003(b) strictly prohibits untimely objections to exemptions and thus the portion of creditor's untimely filed Objection to Confirmation which first articulates SelectCare's objections to the debtor's claimed exemptions should have been disallowed. If the objection to the claimed exemptions were disallowed, debtor's claimed exemptions would apply, creditor would receive more under debtor's Plan than in liquidation, and SelectCare's Objection to the Confirmation under § 1325(a)(4) would fail.

Rule 9006(b)(1) allows the court to grant an enlargement of time after the expiration of the specified period where party's failure to act was the result of excusable neglect. The Supreme Court held in *Pioneer, supra* that excusable neglect encompasses inadvertence, mistake and carelessness.

> by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake and carelessness, as well as intervening circumstances beyond the party's control.

*Pioneer, supra* at 388–90, 113 S.Ct. at 1495.

█ In this Court's opinion, *Pioneer* is not controlling. *Pioneer* involved the application of Rule 9006(b)(1) to a time requirement established by the Court pursuant to Rule 3003(c)(3). In this case, the Court must determine whether or not the time limit set forth in Rule 4003(b) can be enlarged by the Bankruptcy Court upon a finding of "excusable neglect." This Court concludes that the time limit under Rule 4003(b) cannot be extended.

Although Rule 9006(b) generally allows for enlargement of the time for action prescribed by the Bankruptcy Rules based on excusable neglect (Rule 9006(b)(1)), it excepts from the general enlargement provision those time periods detailed in the Rules listed in Rule 9006(b)(2) and (3). Rule 9006(b)(3) specifically provides:

> **Enlargement limited.** The Court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 *only to the extent and under the conditions stated in those rules.*

Rule 9006(b)(3)(emphasis added).

Therefore, unlike Rule 3003(c)(3) which was the subject of the *Pioneer* decision and to which the limitation of 9006(b)(3) does not apply, this Court has no discretion to extend the time under Rule 4003(b).

Rule 4003(b) allows a trustee or any creditor to file objections to the list of property claimed as exempt within 30 days after the conclusion of the creditors meeting. Fed. R.Bankr.P.4003(b). The Supreme Court has read Rule 4003(b) and Rule 9006(b)(3) to provide a strict thirty day period in which a creditor may object to a debtor's claimed exemptions. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor*, the Supreme Court held that a Chapter 7 trustee could not contest the validity of the debtor's claimed exemption after the 30 day period for objecting (under Rule 4003(b)) had expired and no extension had been obtained, even though debtor had no colorable basis for claiming that exemption. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id.* at 644, 112 S.Ct. at 1648. Several bankruptcy courts have extended the *Taylor* holding to Chapter 13 cases. *See In re Davis*, 167 B.R. 104 (Bankr.S.D.Ohio 1994) and *In re Alderman*, 150 B.R. 246 (Bankr.D.Mont.1993). "If no . . . timely objection is filed, the exemption will stand, as asserted by the debtor, for the limited purpose of the 'best interest of creditors' test required for confirmation by 11 U.S.C. § 1325(a)(4)." *Davis, supra* at 107.

■ Although the Bankruptcy Court could conclude that creditor's untimely Objection to Confirmation was due to excusable neglect and therefore permitted under Rule 9006(b)(1), this Court finds that the portion of that Objection which served as an objection to the debtor's claimed exemptions was untimely and thus barred under Rule 9006(b)(3) and Rule 4003(b). *See Taylor, supra.* SelectCare's objection to the debtor's claimed exemptions was first raised thirty two days after the creditors examination meeting. Thus, even though the Bankruptcy Court may have been correct in its ruling that debtor would not have been entitled to the exemptions he claimed had there been a timely objection, the Bankruptcy Court erred in sustaining the creditor's Objection to Confirmation on this basis. The creditor's delay in raising these objections barred their consideration.

For the reasons set forth above,

**IT IS ORDERED** that the Bankruptcy Court's decision granting the appellee-creditor's Objection to Confirmation is **REVERSED** and its Order dated January 24, 1997 is **VACATED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Bankruptcy Court to consider the other basis of appellee-creditor's Objection to Confirmation.