**In re Russell Edward PUCKETT, Jr. and Gina Marie Puckett, Debtors.**

**No. 00–01801.**

United States Bankruptcy Court, D. Idaho.

Nov. 3, 2000.

Jed Manwaring, Boise, ID, for Lois K. Murphy, trustee.

George Essma, Twin Falls, ID, for Debtors.

## SUMMARY ORDER

JIM D. PAPPAS, Chief Judge.

### Background

Russell and Gina Puckett ("Debtors") filed for bankruptcy under Chapter 7 of the Bankruptcy Code on July 20, 2000. Lois K. Murphy ("Trustee") was appointed the Chapter 7 trustee. Debtors listed a "Stock option bonus plan through employer" on Schedule B as having no cash value. On their Schedule C Debtors claimed a "Stock option bonus plan through" as exempt in full under Idaho Code § 11–604A(3) again representing the plan as having no cash value. The meeting of the creditors under 11 U.S.C. § 341 was held in this case on August 25, 2000.

On October 16, 2000 Trustee objected to Debtors' claim of exemption of the stock option plan. Debtors argue Trustee's objection to their claim of exemption is time barred. A hearing was held October 26, 2000. The Court will, as counsel for the parties suggested, treat Trustee's objection to claim of exemption as a motion to enlarge the time period under which Trustee may object to Debtors' claim of exemption. At the hearing, Trustee's counsel asked the Court to allow Trustee's late objection because of excusable neglect.

### Discussion

11 U.S.C. § 522(*l*) requires a debtor or a dependent of the debtor to file a list of property claimed as exempt. "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*). Fed. R. Bankr.P. 4003(b) provides:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of the creditors ... or the filing of any amendment to the list or supplemented schedules unless, within such period, further time is granted by the court.

Fed. R. Bankr.P. 9006(b)(1) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the

period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rule 9006(b)(3) provides "[t]he court may enlarge the time for taking action under Rules 1006(b)(2), ... 4003(b), ... and 9033, *only to the extent and under the conditions stated in those rules*" (emphasis added). As quoted above, Rule 4003(b) allows enlargement of the 30 day period in which a party in interest may make objections to claims of exemption only if an amendment or supplemental schedule is filed or if the court grants enlargement prior to the end of the 30 day period. Excusable neglect is not listed as a ground for enlargement of the 30 day period in Rule 4003(b). Under the plain language of these rules, Trustee cannot seek to enlarge the 30 day period in which to object to claims of exemption because of excusable neglect.

The United States Supreme Court has held that enforcement of the 30 day deadline in Rule 4003(b) must be strict. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id.* at 643, 112 S.Ct. 1644. Also, other courts have refused to enlarge the time available to object to claims of exemption based on the language in Rule 9006(b)(3) and Rule 4003(b). "Rule 9006(b) usually allows a court to enlarge the time limit prescribed in bankruptcy rules if failure to meet a deadline was the result of 'excusable neglect.' However, Rule 9006(b)(3) explicitly limits a court's ability to [enlarge the objection period] under Rule 4003(b)." *Towers v. Boyd (In re Boyd)*, 243 B.R. 756, 761 (N.D.Cal.2000). "Although Rule 9006(b) generally allows for enlargement of the time for action prescribed by the Bankruptcy Rules based on excusable neglect (Rule 9006(b)(1)), it excepts from the gen-

eral enlargement provision those time periods detailed in the Rules listed in Rule 9006(b)(2) and (3)." *In re Granzow*, 210 B.R. 989, 991 (E.D.Mich.1997). Based on the rules and case law discussed above, it is clear Trustee cannot move to enlarge the time period allowed for excusable neglect.

■ Trustee asserts her attention was not focused on Debtors' claim of exemption because Debtors' Schedule C was vague. It is true Schedule C did not identify an employer and listed the options as having no cash value. In addition, Trustee points out that Debtors' counsel did not frankly communicate with Trustee regarding the details of the claim of exemption. Unfortunately, the Court cannot accept these assertions as a basis for excusable neglect. Although Schedule C does not clearly state who the employer is, Debtors' Schedule I does indicate that Mr. Puckett is employed by Micron Technology as a System Engineer. Debtors' listing of "no cash value" as the current market value for the stock plan is also less than an accurate description of the stock option plan. However, this description was clarified by information given to Trustee well before the 30 day deadline. Debtors faxed information to Trustee's office on September 11, nearly two weeks before the deadline, which clearly explained the details and shed light on the value of Debtors' stock options. Trustee's Exhibit 4. As to any alleged failure by Debtors' attorney to clear up the confusion, it seems Trustee directed her inquiries regarding the stock option plan to the Debtors themselves, not to counsel. See Trustee's Exhibit 1; Trustee's Exhibit 6. Unfortunately for the creditors in this case, while Trustee had time within which to file a timely objection, she offers no good reason for her failure to do so.

■ Trustee also asserts there was no legal basis for Debtors' claim that their stock option plan as exempt. The Court can not under these circumstances consider the merits of Debtors' claim of exemption. As quoted above, under section

522($l$), if no objection is made to a claim of exemption, the property is exempt. In *Taylor,* the Supreme Court flatly rejected the argument that the trustee is not subject to the 30 day period where the debtor has no colorable statutory basis for claiming an exemption. 503 U.S. at 643–44, 112 S.Ct. 1644.

For these reasons, Trustee's motion to enlarge the time period for objection to Debtors' claims of exemption is hereby **DENIED,** and Trustee's objection to Debtors' claim of exemption as to the stock plan is **OVERRULED.**

IT IS SO ORDERED.