In re John Thomas **ROLFES**, Sr., Nancy Denise Rolfes, Debtors.

No. 02–16960.

United States Bankruptcy Court, E.D. Tennessee, Southern Division.

March 11, 2004.

Kenneth Rannick, Kenneth C. Rannick, P.C., Chattanooga, TN, for Debtors.

Richard P. Jahn, Jr., Chattanooga, TN, Trustee & Attorney for Trustee.

Kimberly Swafford, Attorney for Richard Clippard, Chattanooga, TN, United States Trustee.

## MEMORANDUM

R. THOMAS STINNETT, Bankruptcy Judge.

The debtors seek to recover from the bankruptcy trustee $1,000 that he retained from their homestead exemption as rent for the time they occupied their residence after filing bankruptcy. The trustee contends the debtors are not only liable for rent but they must also repay $1,500 of the $6,500 that he previously paid them as their homestead exemption.

The debtors, Mr. and Mrs. Rolfes, claimed a $7,500 homestead exemption in their residence. 11 U.S.C. § 522(b)(1); Tenn.Code Ann. § 26–2–112 & § 26–2–301. The property schedules filed by the debtors in the bankruptcy case showed $20,000 equity in the property—more than enough to pay a $7,500 homestead exemption and leave some money for distribution to creditors in the bankruptcy case. As a result, the bankruptcy trustee proposed to sell the residence. 11 U.S.C. § 363(b); Fed. R. Bankr.P. 6004. The debtors objected to the sale, but the objection was settled by an agreed order. The agreed order recognized the debtors' right to a homestead exemption of $7,500 and preserved the question of whether the trustee could charge the debtors rent for the time they lived in the residence after they filed bankruptcy. The order provided that the question of rent could be addressed by either party after the sale. The trustee paid the debtors $6,500 from the sale proceeds and withheld $1,000 as rent.

Several months later the trustee filed his final report and application for compensation and reimbursement. The clerk's office gave interested parties notice and an opportunity to object. 11 U.S.C. §§ 704(9); Fed. R. Bank. P.2002(f)(8) & 5009; 11 U.S.C. §§ 326, 327, 330 & 503; Fed. R. Bankr.P.2002(a)(6), 2002(c)(2) & 2016. At the hearing on the final report and application, the debtors' attorney objected to the trustee's retention of the $1,000 from the debtors' homestead exemption. The court passed the hearing to a later date so that the debtors could file a written objection and the trustee could file a response. They did so. At the rescheduled hearing, the parties argued the legal questions, and the court allowed them time to file briefs. The United States Trustee filed a brief in support of the bankruptcy trustee's attempt to collect rent.

After the hearing, the bankruptcy trustee filed an "Objection to Exemptions and Motion for Debtors to Refund $1,500.00 to the Estate." It raises a new question. He seeks to recover $1,500 of the $6,500 already paid to the debtors as their homestead exemption. After paying the money, the trustee discovered that the residence was deeded only to Mrs. Rolfes. The trustee contends that Mrs. Rolfes could claim the $5,000 homestead exemption for an individual debtor, but Mr. and Mrs. Rolfes could not claim the $7,500 exemption for joint owners because they were not both on the deed. Tenn.Code Ann. § 26–2–301.

### Can the trustee recover $1,500 as an over-payment of the homestead exemption?

The time period during which the trustee could file an objection to the claim of exemptions expired in December 2002. The trustee did not raise the question of whether the debtors were entitled to the

joint owners' homestead exemption until about a year later. The court does not have the authority to allow a late objection to an exemption even if the debtors did not have a valid legal basis for claiming the exemption. 11 U.S.C. § 522(1); Fed. R. Bankr.P. 4003(b); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The court also can not extend the time to object after it has expired. Fed. R. Bankr.P. 4003(b) & 9006(b)(3); *In re Puckett*, 254 B.R. 910 (Bankr.D.Idaho 2000); *In re Granzow*, 210 B.R. 989 (E.D.Mich.1997).

The trustee argues that this case is outside those rules. He relies on the decision in *In re Montanez*, 233 B.R. 791 (Bankr. E.D.Mich.1999). The facts of that case were atypical. The debtor claimed an exemption in a residence. The debtor and her daughter sold the residence during the debtor's bankruptcy without notice to the trustee or creditors. After the deadline for filing an objection to the exemption, the debtor denied any interest in the property. She asserted that the property actually belonged to her daughter who paid for it. Before the debtor's bankruptcy, she and her daughter had deeded the property back and forth to each other, but the last recorded deed was from the daughter to the debtor. The timeliness of an objection to the exemption should not have been a problem. The debtor—not the trustee— raised the question of whether she was entitled to the exemption by attempting to disclaim any interest in the property. The facts of this case are typical. The trustee simply did not discover the problem with the exemption before the deadline passed.

■ The trustee should also be bound by the earlier agreed order entered into with the debtors. The order stated:

The Trustee and the Debtors agree and the court orders that the Debtors are entitled to the $7,500 homestead exemp-

tion, but there remains an issue of whether the Trustee may offset against the Debtor's homestead exemption a charge for the Debtor's postpetition occupancy of the real property to be sold. That question may be addressed by either party after the sale.

This order amounted to a stipulation that settled the question of entitlement to the $7,500 homestead exemption and limited the unsettled issues to the question of rent. The trustee has not attempted to prove a ground for relief from this order that is distinct from the alleged grounds for relief from the deadline for filing an objection to the exemption. *G.I.C. Corp. v. United States*, 121 F.3d 1447 (11th Cir. 1997).

The court will enter an order that the trustee can not recover the alleged $1,500 overpayment.

### Are the debtors liable for rent for occupying the residence during their bankruptcy case?

■ When the debtors filed bankruptcy, almost all of their interests in property became property of the bankruptcy estate. 11 U.S.C. § 541(a). The bankruptcy trustee has the power to use, sell, or lease property of the bankruptcy estate. 11 U.S.C. § 363(b), (c).

The debtors argue that the trustee can not collect rent because he did not go through the notice procedure required by bankruptcy law. 11 U.S.C. § 363(b); Fed. R. Bankr.P. 6004. The notice procedure did not apply. The trustee certainly did not want to lease the property to the debtors. According to the trustee, the debtors were pre-bankruptcy occupants who no longer had the right to occupy the property rent-free but refused to vacate or pay rent or make mortgage payments for the benefit of the bankruptcy estate. In similar situations, a trustee can collect rent for

the actual occupancy without attempting to enter into a lease with the occupant. The occupant must pay for failing to turn over the property and hindering the trustee's ability to use, sell, or lease the property. 11 U.S.C. §§ 363(b), (c) & 542; *Shubert v. Sanders (In re Sanders)*, 91 B.R. 317 (Bankr.E.D.Pa.1988); *In re Schnabel*, 612 F.2d 315 (7th Cir.1980) (decided under the Bankruptcy Act of 1898, as amended).

The bankruptcy trustee argues that the debtors lost the right to occupy the property when the debtors' interest came into the bankruptcy estate. The argument seems to be: (1) the debtors' right to occupy the property was an incident of their ownership; (2) ownership passed from the debtors to the bankruptcy estate; (3) the right to occupy the residence, as an incident of ownership, passed to the bankruptcy estate to the exclusion of the debtors.

More than one theory exists as to the bankruptcy estate's interest in property as successor to the debtor. Vladimir Elgort, *Do Debtors Owe Rent to Their Bankruptcy Trustee for Remaining in the Home After Filing and Prior to Foreclosure, Notwithstanding a Homestead Exemption?*, 23 Cardozo L.Rev. 2253 (2002); David G. Carlson, *Bankruptcy's Organizing Principle*, 26 Fla.St.U.L.Rev. 549 (1999). Certainly the bankruptcy estate has many of the attributes of other trust estates. In particular, the bankruptcy trustee acquires the power to use, sell, or lease the *debtor's* property interests that come into the bankruptcy estate. In this proceeding, however, the court need not determine the best theory for explaining the bankruptcy estate's interest in the residence. The court can decide the question of rent without it.

■ Theoretically, all the debtors' interest in the residence came into the bankruptcy estate. Of course, this can not mean that the bankruptcy estate obtained the debtors' right to the homestead exemption to the exclusion of the debtors. The practical result is that the debtors' interest in the residence passed into the bankruptcy estate subject to the debtors' claim of a homestead exemption. The bankruptcy trustee's powers and duties were subject to the debtors' homestead exemption. The question is the effect of the homestead exemption.

The trustee argues that the homestead exemption gave the debtors only the right to the payment of money from the sale proceeds; it did not give them the right to occupy the residence rent-free because their ownership interest, which gave them the right to occupancy without paying rent, had passed into the bankruptcy estate.

The bankruptcy court is often required to determine the nature of the debtor's property interest that came into the bankruptcy estate. The bankruptcy court must decide exactly what interest the debtor had in the property immediately before bankruptcy. Of course, state law generally controls. Federal non-bankruptcy law may be relevant in some situations. The question is: under state law and federal non-bankruptcy law, what were the attributes of the debtor's interest in the property at the time the debtor filed bankruptcy? *Demczyk v. Mutual Life Ins. Co. (In re Graham Square, Inc.)*, 126 F.3d 823 (6th Cir.1997); *Kitchen v. Boyd (In re Newpower)*, 233 F.3d 922 (6th Cir.2000).

■ For instance, Tennessee law determines the nature of the debtors' interest in the residence at the time they filed bankruptcy. The court sees no reason to use a different method to determine the effect of the debtors' homestead exemption. The debtors' interest in the residence passed into the bankruptcy estate subject to their

homestead exemption as allowed by Tennessee law.

Tennessee law leaves little doubt that the homestead exemption entitled the debtors to occupy the residence *without paying rent* until payment of the homestead exemption. *Hoge v. Hollister*, 67 Tenn. 533 (1876); *Brown v. United Companies Financial Corp.*, 1992 WL 4780, No. 01–A–019108CH00274 (Tenn.Ct.App. Jan. 15, 1992); *O'Bryan v. Brown*, 48 S.W. 315 (Tenn.Ct.Chan.App.1898).

The Seventh Circuit Court of Appeals reached the same result in *In re Szekely*, 936 F.2d 897 (7th Cir.1991). In *Szekely* the court was dealing with the debtors' homestead exemption under Illinois law. The court concluded that the bankruptcy trustee could *not* collect rent from the debtors for their post-bankruptcy occupancy of property in which they had a homestead exemption. The court reasoned that the legal relationship between the trustee and the debtors was essentially like a tenancy in common, and one tenant in common can not charge another tenant in common rent for mere occupancy of the property. The Tennessee Court of Chancery Appeals used similar reasoning in the *O'Bryan* case.

In *Szekely* the Seventh Circuit also considered who should bear the cost of the debtor's continued occupancy. It decided that the bankruptcy estate should bear the cost in order to preserve the debtor's full exemption. The Tennessee Supreme Court used the same reasoning in *Hoge v. Hollister*, 67 Tenn. 533 (1876).

The decision in *Hoge v. Hollister* preempts the argument by the United States Trustee that the homestead exemption gave the debtors the right to occupy the residence but did not relieve them of the obligation to pay rent. The *O'Bryan* decision also contradicts this argument.

The United States Trustee has also attempted to distinguish *Szekely* on the ground that the Illinois homestead exemption creates an estate in property, but the Tennessee homestead exemption does not. The distinction does not make a difference; the Tennessee homestead exemption still creates a right to occupy the property without paying rent until payment of the statutory homestead amount.

The result is clear. The trustee is not entitled to collect rent from the debtors for their occupancy of the residence from the time they filed bankruptcy until they left. The homestead exemption included the right to occupancy without paying rent.

 The trustee's brief asserts that the debtors interfered with his attempts to sell the property by sometimes not allowing the property to be shown, by pointing out problems to potential buyers, and by not keeping the property neat. The alleged interference with the trustee's sale is not a ground for charging rent. The trustee has not asserted a separate claim against the debtors based on their alleged interference with the sale of the property. Thus, the trustee's claim for rent must be based entirely on the debtors' occupancy of the residence after filing bankruptcy. The court has concluded that the homestead exemption gave the debtors the right to occupy the property without paying rent until the homestead exemption was paid.

 The trustee also complains that the debtors should have continued to make mortgage payments after they filed bankruptcy. The trustee states that in December 2002 he asked the debtors to continue making mortgage payments or to leave the property, but they did not make the mortgage payments and did not leave until March 2003, shortly before he entered into a sale contract. The court has already decided that the debtors had the right to

occupy the property rent-free until payment of the homestead exemption. Furthermore, the debtors had no good reason to continue making mortgage payments, if the property's true value was close to the amount shown in the bankruptcy schedules. The schedules showed their total equity in the property to be $20,000. This practically guaranteed that the trustee would sell the property. As a result, the debtors would not have benefited themselves by continuing to make mortgage payments in anticipation of reaffirming the mortgage debt and keeping the property. 11 U.S.C. § 524. Continuing to make the mortgage payments would have amounted to making post-bankruptcy payments for the benefit of unsecured creditors and administrative expense claimants. The payments would have reduced the principal of the mortgage debt and thereby increased the equity for the trustee after payment of the homestead exemption. Individual debtors in chapter 7 cases generally do not make post-bankruptcy payments from current income for distribution on unsecured and administrative expense claims.

The court will enter an order in accordance with this memorandum. This memorandum constitutes findings of fact and conclusions of law as required by Fed. R. Bankr.P. 7052.

### ORDER

In accordance with the court's Memorandum entered this date,

It is ORDERED that the trustee's Objection to Exemptions and Motion for Debtors to Refund $1,500.00 to the Estate is denied; and

It is FURTHER ORDERED that the trustee is not entitled to retain $1,000.00 as rent for the debtors' post-petition occupancy of their residence; and

It is FURTHER ORDERED that the trustee shall file an amended final report and final application for compensation and reimbursement.